(105 So. 411)

No. 26841.

NORTH CENT. TEXAS OIL CO., Inc., v. GULF REFINING CO. OF LOUISIANA, Inc.

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. Mines and minerals ⬯81—Second lessee, subrogated to rights of owner, can assert forfeiture of prior lease.

A second lessee, subrogated to all rights of action and warranty which owner or lessor possesses, can assert forfeiture of a lease which incumbers property, prior in point of date and registry to that of suing lessee.

2. Mines and minerals ⬯81—Second lessee not entitled to sue for avoidance of prior lease without making owner party to the suit.

Grantee of undivided one-fourth interest in oil and gas in whole tract, covered by lease of prior lessee, *held* not entitled to sue for avoidance of such lease for failure of lessee to perform obligations imposed by contract without making owner a party to the suit, lease being indivisible.

Appeal from Fourth Judicial District Court, Parish of Lincoln; S. L. Digby, Judge.

Suit by the North Central Texas Oil Company, Inc., against the Gulf Refining Company of Louisiana, Inc. From a judgment of dismissal, plaintiff appeals. Affirmed.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Elder & Everett, of Farmersville, and J. S. Atkinson and F. E. Greer, both of Shreveport (D. Edward Greer, of Houston, Tex., of counsel), for appellee.

THOMPSON, J. This is an action to cancel and avoid a certain oil and gas lease on 40 acres of land in Union parish.

The lease was made by the owner of the land, Murray H. Green, to one F. D. Gully on January 20, 1921. The said Gully assigned all his rights under the lease to the Gulf Refining Company on January 21, 1921.

On August 8, 1923, Green, the owner, sold to the North Central Texas Oil Company an undivided one-half interest in all the oil and gas in the same land, subject, however, to the lease theretofore made to Gully.

On October 20, 1923, the North Central Texas Oil Company assigned to C. C. Clark the one-fourth interest in all the oil and gas in the said land, being one-half of the interest which the said company had acquired from Green.

In the original lease to Gully it was agreed that the lease should remain in force for a term of three years from its date, and as long thereafter as oil or gas is produced from said land by the lessee. It was further provided that if no well was commenced on the land on or before January 20, 1922, the lease should terminate as to both parties, unless the lessee, on or before that date, should pay or should tender payment to the lessor of $40, which payment or tender of payment would operate as a rental, and would cover the privilege of deferring the commencement of a well for 12 months from said date. In like manner and upon like payments or tenders, the commencement of a well should be further deferred for like periods of the same number of months successively.

It was further stipulated that the consideration first recited, the down payment, covered, not only the privileges granted to the date when said first rental is payable, but also the lessee's option of extending that period and any and all other rights conferred.

The petition alleges that the 3-year term provided in the lease to Gully expired on January 19, 1924, at which time no oil or gas whatever had been produced from the said land, and under the expressed provision of the lease the said lease became ipso facto null and void.

It is further alleged that the Gulf Refining Company, under some pretense, the reason for which plaintiff does not know, had taken possession of the land, claiming that the lease to Gully, which had been assigned to it, was still in force regardless of the termination of the lease, and that said company was proceeding without right or authority to drill a well on said land.

The prayer of the petition is in accordance with the allegations. Neither the owner of the land nor Gully, who had assigned his lease to the Gulf Refining Company, was made a party to the suit.

The defendant excepted to the petition for the reasons (1) that there was a nonjoinder of parties plaintiff; (2) that the action of plaintiff was premature; and (3) that the petition disclosed no right or cause of action.

The exceptions of nonjoinder and of no right and cause of action were sustained, and the suit dismissed.

From the statement of the pleadings and the facts disclosed by the petition, it is apparent that the first question to be determined is the want of proper parties, as suggested by the exception of nonjoinder. Since if it should be found that the owner of the land and the party who made the lease sought to be declared forfeited is a necessary party to the suit, the issues raised under the exception of no cause of action cannot properly be considered.

It is to be observed that the plaintiff was not a party to the original lease to Gully. The plaintiff quoad that lease was a stranger and a third party.

[1] There is no question but that a second lessee, subrogated as the plaintiff was to all rights of action and of warranty which the owner or the lessor possessed, can assert the nullity or the forfeiture of a lease which incumbers the property, prior in point of date and of registry to that of the suing lessee.

This was expressly held in the case of Gray v. Spring, 129 La. 345, 56 So. 305, Ann. Cas. 1913B, 372, wherein we said:

"Hence, where such purchaser finds the property so acquired incumbered with an oil and mineral lease, into which the former owner had entered, he has the same right of action to annul it as operating to cloud his title that such former owner had."

And this ruling was affirmed and applied in the recent case of Atlas Oil Co. v. McCormick, 158 La. 278, 103 So. 767, decided March 30, 1925.

In the two cases cited it must be noted, however, that all parties having an interest in the subject-matter of the suits were before the court and were made parties to the actions to annul and cancel the leases and contracts.

Moreover, the contracts sought to be annulled and canceled in the two cases cited embraced and covered in its entirety all the oil and gas in and under the land in controversy.

In other words, none of the parties asserted claims to separate and distinct portions of the oil or gas, or fractional undivided and indivisible interests therein.

It is quite different in the instant case. The plaintiff only claims an undivided fourth interest in the oil and gas, and, if it should succeed in canceling the lease at issue, it could only do so to the extent of that interest, leaving a three-fourths interest vested in the defendant.

On the other hand, if the lease should be declared forfeited as a whole, then the plaintiff and the original owner and Clark would be joint owners in indivision to the extent

of one-half to the owner and one-fourth each to the plaintiff and Clark.

It has been held by this court that one owner in indivision cannot execute a lease without the consent of his co-owner, nor has one co-owner the right to exploit the land for oil and gas without the consent of his co-owner.

In Gulf Refining Co. v. Carroll, 145 La. 299, 82 So. 277, it was said:

"Co-owners are owners of a part and of the whole, and, since neither has exclusive right to any determinate part of the property, an owner of an undivided half of a tract of land has not the right to exploit the land for oil and gas by making a lease therefor without the consent, implied or express, of his co-owner, and cannot confer such right upon his lessee, for, although the lease may be valid as to the lessor, it is void as to his co-owner."

And in the case of Cochran v. Gulf Refining Co. of Louisiana, 139 La. 1020, 72 So. 721, it was held:

"There is another principle of law, however, that is applicable to this case; that is, that the contract of lease is indivisible, and that, having divided the property and disposed of a part of it, the plaintiffs cannot now maintain an action to dissolve the lease as to all the land, and, therefore, cannot maintain an action to dissolve the contract as to that portion of the land retained by them."

The principle stated in the foregoing case is equally applicable to the instant case.

[2] The issue presented by the petition is as to whether the oil lease has expired by the lapse of the term without development of the land. That lease covered the entire tract. The lease of the plaintiff covers only an undivided one-fourth interest in the oil and gas, if any be found, in the whole tract covered by the defendant's lease. The lease of defendant is therefore indivisible with respect to the plaintiff and Green, the owner and lessor, and, this being true, the plaintiff is without right to sue for the avoidance of the lease without making the owner a party to the suit.

In the case of Willis v. Wasey, 42 La. Ann. 876, 8 So. 591, 879, the plaintiff brought suit to erase from the conveyance book the recordation of a certain notice or warning which operated as a cloud upon certain lands owned by plaintiff. The contract sought to be canceled and erased was entered into between Wasey and one Winchester. The latter was not made a party to the suit and, in passing on this fact, the court said:

"Manifestly, this court cannot pass upon the validity and binding effect of the acts attacked and of their recordation, unless the parties named therein be cited to answer this demand herein set up. The authorities in support of this proposition are numerous and indisputable." See list of authorities cited.

The correctness of this proposition is conceded by counsel for the plaintiff in their brief.

But it is contended by counsel that this suit is not one to annul a contract, but is a suit to have a contract declared forfeited by reason of noncompliance with its terms. We fail to appreciate the distinction which counsel endeavor to make. The allegation of the petition is that the contract is null and void on the ground stated, and the prayer is that it be so decreed. At all events it makes no difference whether the action be technically one to annul a contract as being void ab initio or an action to avoid and cancel a contract as having been forfeited.

The issue of fact is as to whether the contract, admittedly in force at the time the plaintiff obtained its lease, has expired or ceased to exist since that time by the failure of the lessee to perform the obligations imposed by the contract.

This controverted issue of fact cannot be determined without making the parties to that contract, and who are interested in the contract, parties to the suit. Our conclusion is that the exception of nonjoinder was properly sustained by the lower court. This conclusion relieves us from passing on the exception of no cause of action.

It may be proper to state, however, that the judgment dismissing the suit must not be construed as preventing the plaintiff from instituting another suit against the proper parties.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.