No. ——
First Circuit

---

NETTERVILLE
v.
POLICE JURY OF BATON ROUGE

(May 23, 1927. Opinion and Decree.)
June 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Obligations—Par. 10, 12.
In view of Articles 1916 and 1918 of the Civil Code although the law does **not**

create a legal presumption, there arises from the facts and circumstances, one of these simple presumptions, from which the court may exercise its discretion that there appeared an implied assent to the contract.

2. **Louisiana Digest—Obligations—Par. 10, 12, 86.**

Where the evidence showed that plaintiff received $2.50 per day for his work as foreman and he thereafter made a contract with his employer which was to be on a "sound basis," will be considered an implied assent on his part to accept $2.50 per day under the contract.

Appeal from the Parish of East Baton Rouge, Hon. G. Favrot, Judge.

Action by John P. Netterville against Police Jury of Baton Rouge, et al.

There was judgment for plaintiff and defendant contractors appealed.

Judgment affirmed.

Leslie A. Fitch, of Baton Rouge, attorney for plaintiff, appellee.

John Fred Odom, District Attorney of Baton Rouge, attorney for defendant Police Jury.

H. K. Strickland and Charles A. Holcombe, of Baton Rouge, attorneys for defendant contractors, appellants.

Cross & Moyse, and D. J. Sanchez, of Baton Rouge, attorneys for intervenors, appellees.

MOUTON, J. Womack, Leblanc and London, a partnership, entered into a contract with the Police Jury of East Baton Rouge to build a public road for that Parish. They furnished bond to secure the payment of laborers, furnisher of materials, etc. Plaintiff alleges that he was employed by the contractors afore-

said as a workman and timekeeper on the road they had contracted to build at $2.50 per day, and as such, he worked from October 5, 1925, to November 29, 1925, thus earning a total of $120.00, upon which he received in part payment the sum of $14.00, leaving a balance in his favor of $106.00. He filed an affidavit of his account in the office of the recorder of the Parish of East Baton Rouge. In these proceedings he provoked a concursus, and claims a lien on funds in the hands of the defendant Police Jury. This appeal is taken from a judgment recognizing his privilege for the amount claimed.

The contention of Womack, Leblanc and London, contractors, is that plaintiff has failed to show he had a contract with them ; that if he has any claim, it arises on a quantum meruit, and that under such a demand, he has no right to a lien or privilege under the provisions of Section 3, Act 224, 1918. In order that we may properly solve the issue thus presented it becomes necessary to determine the question as to whether plaintiff had or had not entered into a contract with the contractors to do the work upon which his demand is grounded.

Plaintiff was employed by London, one of the members of the contracting partnership, to scatter gravel on the road they were building, run the camp and supervise the hired hands. The record shows he was acting as foreman. Plaintiff testifies that before he was employed by London on this public road, he had been working for London on aonther job, for which he was getting $2.50 per day. He says when London engaged his services nothing was said about the compensation he was to receive, but that he thought it would be at the same price for which he had been working on the other job. Counsel for defendants asked

him if he predicated his claim on what he thought he should have; to which he answered, no, but on wat he considered a "sound basis." Obviously, te basis to which he made reference was the amount of $2.50 per day for which he had been previously working. There is nothing to indicate that the work plaintiff had been doing for London, individually, was different in character to that in which he was employed to do on the road defendants were building. It is shown by the testimony of a laborer plaintiff had employed, n his capacity of foreman, that he was paid $2.00 per day for his work. We refer to this because it is reasonable to infer from what this laborer was receiving that there was nothing unreasonable in the employment of plaintiff at $2.50 per day. Such being the facts, it is but fair to presume that London simply transferred plaintiff to the work in question at the same price he had been paying him in his former employment, which plaintiff properly characterized as being on a "sound basis." In the North Central Tex. Oil Co. vs. Gulf Ref. Co., 1F9 La. 405, 105 South. 411, in the course of the opinion, and in making reference to Article Civil Code 1916, the Court said· "Actions without words, either written or spoken, are presumptive evidence of a contract when they are done under circumstances that naturally imply a consent to such contract." The circumstances are such here, that we are forced to imply that plaintiff was put on the job for the contracting partnership by London at $2.50 per day, the same price he had been receiving in his prior employment. Article Civil Code 1918, says that: "Where the law does not create a legal presumption of consent from certain facts, then as in the case of other simple presumptions, it must be left to the discretion of the

Judge whether assent is to be implied from·them or not." In this case, from the facts shown, the law does not create a legal presumption, but there arises from the facts and circumstances, one of these simple presumptions, from which the Court in the exercise of its discretion, concluded that there appeared an implied assent to the contract by which defendants and plaintiff were mutually bound. The presumption upon which the trial court rested its finding, we find, to be sufficiently weighty, precise and consistent to support the conclusions reached below.

Plaintiff is therefore entitled to the lien which he claims. The view we have taken of the case does away with the necessity of deciding whether plaintiff would have been· entitled to a lien if he had sued on a quantum meruit.