No. 3672

Second Circuit

PENINGER ET AL. v. COX

(January 31, 1930. Opinion and Decree.)

A. V. Hundley, of Alexandria, attorney for plaintiffs, appellees.

Cline, Plauche & Girod, of Lake Charles, attorneys for defendant, appellant.

DREW, J. Plaintiffs, J. Luther Peninger and his wife, Elmer S. Peninger, instituted this suit against defendant, C. P. Cox, to recover for J. Luther Peninger the sum of $100, claimed as damages to his automobile, caused by its being struck by defendant's car, alleged to have been driven

by defendant at an excessive rate of speed and in a careless and reckless manner, and to recover for Mrs. Elmer S. Peninger the sum of $150, damages for personal injuries, alleged to have been caused her by the collision, in which she received a severe shock and was badly jarred and frightened. She alleges that she suffered considerable physical pain and mental anguish; that she is of frail and delicate build and not constitutionally strong; and that her health has been permanently impaired.

Defendant filed a plea to the jurisdiction, which was overruled by the lower court, and the plea has been abandoned by the defendant in this court. Defendant then filed an exception of misjoinder on the day the case was fixed for trial, but before answer had been filed. This exception was overruled by lower court. An answer, which is virtually a general denial, was then filed. The case was tried on its merits, and the lower court rendered judgment for plaintiff as prayed for.

The defendant strenuously contends that the lower court erred in overruling his exception of misjoinder, and relies almost entirely on that exception in defense of this suit. His contention is that the law does not permit a husband and wife to urge their respective claims against a single debtor in one suit, and that having done so in this suit, the plaintiffs were improperly joined. Citing article 2402 of the Civil Code as amended by Act No. 68 of 1902, providing that "damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone," and Act No. 244 of 1918, allowing married women to "sue and be sued, to the same extent and same manner as though she were a femme sole." Therefore she has no more right to join in a single suit with a husband to recover damages than a stranger would.

The general rule of law is that two or more persons will not be permitted to join in an action against their debtor unless there is a joint interest between them in their demand, or privity of contract which authorizes the joinder; and the mere fact that plaintiffs in the instant case are husband and wife has no bearing on the question.

The settled jurisprudence of this state is that the question of misjoinder of parties is left to the sound discretion of the court, with the idea of avoiding a multiplicity of suits. There is no settled and inflexible rule as to whether or not a pleading is multifarious. The question is one which must be determined largely by the circumstances of each particular case. A pleading is not multifarious where the complainants have a common interest as to the point at issue, though their claims are in a sense distinct. The avoidance of a multiplicity of suits is always desirable. Gill vs. City of Lake Charles, 119 La. 18, 43 So. 897.

In Hotard vs. T. & P. Ry. Co., 36 La. Ann. 450, the court permitted several market gardeners, cultivating separate tracts of land, to unite in one suit to recover damages done to their several tracts by the railroad embankment.

In Brou vs. Becnel, 20 La. Ann. 254, separate holders of the same series of mortgage notes were allowed to unite in the same suit to enforce payment.

In Reardon vs. Dickinson, 156 La. 558, 100 So. 715, the court held:

"Subscribers to corporate stock were entitled to join as plaintiffs in action to recover price paid for stock though each plaintiff entered into separate contract,

and no one had any interest in shares acquired by others; all plaintiffs being induced to subscribe for stock on false representations of common agent though representations were not made to plaintiffs collectively."

The court further said that the cause of action of each of the plaintiffs has the same origin and arises from the same common source.

In the instant case plaintiffs allege that their damage was caused at the same time by one act of the defendant, he driving his car into the one they were seated in, and each of their causes of action arises from the same common source. The same evidence would have been necessary in each case if they had been filed separately, in order to make out a case against the defendant, and the only possible variance is as to the extent of the injury to each.

The matter was within the sound discretion of the trial judge, and we are unable to say that he has abused that discretion, and certainly the defendant has suffered no injury by the ruling complained of.

## ON THE MERITS

As to the liability of defendant, to J. Luther Peninger, the only question is the amount. The defendant, at the time of the accident, gave plaintiff J. Luther Peninger his name, and authorized him to have his car fixed and send the bill to him, admitting his liability. On the trial of the case, defendant tendered to plaintiff J. Luther Peninger the sum of $92.95, and admitted liability in the following amounts: Actual damage to car, $44.70, tire and tube, $12.50, court costs, $35.75—which amount was rejected by the plaintiff. The testimony of the plaintiff J. Luther Peninger, and of the mechanic who repaired the car, is that the car was damaged at least $100, and there was no evidence offered by the defendant to rebut this testimony. The lower court awarded plaintiff J. Luther Peninger judgment in the amount of $100, and we see no reason for disturbing that judgment.

Dr. James Welch testified that the plaintiff Mrs. Peninger had high blood pressure previous to the accident, but that he had treated her and gotten it down to 145 or 150, and that she had been in good shape for some time before the accident, and that a short time after the accident he was called to see her and found her in bed and very nervous and that her blood pressure had gone up to 200. He testified that when he went to see her after the accident, she was all to pieces, and that it took a month or six weeks' treatment to bring her blood pressure down to what he considered safe again; that blood pressure can be raised by fright, shock, and other things, and that such a condition as hers having been produced would make her more susceptible to damage from subsequent strokes; that each recurrence would damage her kidneys, thereby lowering her resistance, and would, to a certain extent, have lasting and permanent effects.

The testimony of Mrs. Peninger and her husband is that she was confined to her bed for some two weeks after the accident; that she was very nervous and unable to do her housework for about two weeks more; that prior to the accident she was up and looking after her household duties. Defendant offered no testimony in rebuttal of the testimony of Dr. Welch or of Mr. Peninger or Mrs. Peninger in regard to Mrs. Peninger.

The lower court gave Mrs. Peninger judgment for $150, being the amount prayed for, and we see no reason to disturb that judgment.

We are convinced that the finding of the lower court is correct, and it is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.