OVERTON, J.
 

 Plaintiffs, as the forced heirs of Laurent Arnaudet and his wife, instituted the present suit against the Texas Company, the Jennings-Heywood Oil Syndicate, and the Gulf Refining Company of Louisiana to have decreed forfeited and lost, for nonuser for a period exceeding ten years, certain mineral rights or leases on land, claimed by plaintiffs by inheritance from their father and mother, and located in the Jennings Oil Field, and to recover the property free from, the grant of all such mineral rights or leases. Plaintiffs allege that these grants originated by acts, executed by their father, Laurent Arnaudet, now deceased.
 

 The cause of action alleged appears in articles 4 and 5 of plaintiff’s petition. In article 4 it is alleged “that the aforesaid mineral rights are now lost and forfeited to the aforesaid defendants by the existing law as fully interpreted by the Supreme Court of the State of Louisiana, that is to say, that their ownership of said mineral rights is now lost to them as they have not exercised the aforesaid rights within the time prescribed by law; and that this time, according to law, having expired carries the forfeiture hereinabove mentioned; and further, no development has been made for a period of many years, exceeding at least twenty years.”
 

 In article 5 of the petition it is alleged that “the aforesaid defendants by their own indifference and neglect to produce oil in a business-like manner as contemplated by the aforesaid law, and by their acts for the period of more than ten (10), years and by which act of nondevelopment and nonuse have lost said rights by the prescription of ten (10) years prescribed by law and fully recognized by the court of last resort hereinabove referred to.”
 

 All of the defendants filed exceptions of no cause or right of action and of nonjoinder of parties defendant, and the Gulf Refining Company, in addition, filed an exception of misjoinder of causes of action and parties defendant. The trial judge overruled the exception of misjoinder, but sustained the exceptions of no cause or right of action and of nonjoinder.
 

 We shall consider first the exception of no cause or right of action.
 

 Article 4 of the petition, quoted above (which it must be conceded is replete with allegations of conclusions of law, as distinguished from allegations of ultimate facts), is qualified by the succeeding article. Thus article 4 sets forth that defendants have not exercised the mineral rights conveyed within the time prescribed by law; that is, we assume, for a 'period of ten years, and, as a consequence, defendants have forfeited these rights. On the other hand, article 5 sets forth, substantially, that defendants, by their own indifference and neglect to produce oil in a businesslike manner as contemplated by law, have lost the mineral rights conveyed by the prescription of ten years. In short, plaintiffs, concede, in paragraph 5 of their petition, that defendants produced some oil during the prescriptive period of ten years,
 
 *892
 
 but did not do so in a' businesslike manner, for to produce oil in an unbusinesslike manner implies that some oil was produced. Article 5 of tbe petition qualifies article 4 thereof, and the 'two articles construed together show (especially- in view of the rule that prior to judgment pleadings are most, strongly construed against the pleader) - that defendants, during the prescriptive period, used the servitudes for the production of some oil.
 

 Since it appears that the servitudes were used during the prescription period, and as plaintiffs are relying on prescription to have them decreed forfeited, it follows that plaintiffs do not show a cause -of action as -to their contention of nonuser, for the petition shows that the servitudes were used by defendants, during the prescriptive period, for the production of oil, and therefore, so far as relates to prescription, are still in force. Civil Code, art. 789 ; Lee v. Giauque, 154 La. 491, 97 So. 669 ; Keebler v. Seubert, 167 La. 901, 120 So. 591.
 

 As to the allegation of nondevelopment during the prescriptive period, also alleged as a reason why the mineral rights should -be decreed forfeited by reason of prescription, so far as prescription is concerned, it is a matter of no importance whether there was development during that period, since it appears that the servitudes were used, within that time, for the production of oil from wells already drilled.
 

 Our conclusion therefore is that plaintiffs’ petition discloses no cause or right of action.
 

 The exceptions of nonjoinder rest upon the theory that J. Sully Martel, the heirs of D-onelson Caffery, Sr., and the heirs of Dónelson Caffery, Jr.,- are interested in the result of this litigation by virtue of the fact that they -are the owners of an undivided one-fifth interest in the land involved herein and besides entered in 1906 into an agreement for the development of the land with one of the defendants, the Jennings-Heywood Oil Syndicate, -by which .the parties to the contract were each to bear a certain proportion of the expense and obtain each a certain proportion of the oil produced, which contract, it is-alleged, in effect, is still in force, all of which requires, it is urged, that Martel and the Cafferys be made parties to this suit.
 

 The trial judge, in giving his reasons for having sustained this exception, said: “The-first mentioned exception (referring to the exception of nonjoinder) was maintained because of the failure of plaintiffs to make the Martels and Cafferys, or their assigns, parties to this suit. These parties are interested, in the subject matter of this litigation and should have been made parties thereto.”
 

 So far as this record discloses, either the parties mentioned, or their assigns, are interested in the subject-matter of the present litigation. They should therefore have been made-parties to it. North Central Texas Oil Co. v. Gulf Refining Co., 159 La. 403, 105 So. 411 ; Heirs of Burney v. Ludeling, 41 La. Ann. 627, 6 So. 248.
 

 The fact that plaintiffs have sought by a disclaimer filed in this court, after the appeal was lodged here, to limit the interest claimed by them in the property to a three-fourths undivided interest, thereby apparently seeking to eliminate from considera_ tio-n the interest of Martel and the Cafferys, or their assigns, does not, in our view, alter the case. Assuming that the petition may be, in effect, thus amended in this court, nevertheless the disclaimer leaves it to conjecture-whose interest is relinquished. Plaintiffs also seek to explain away in oral argument and in their -briefs the effect of these exceptions bj explanations outside -the record, but it is
 
 *894
 
 needless to say that these explanations cannot be considered here.
 

 As to the exception of misjoinder of causes of action and parties defendant, we find no error in the judgment overruling it. The practical singleness of issue presented permitted the joinder made. Gill v. City of Lake Charles, 119 La. 17, 43 So. 897 ; Erskine Heirs v. Gardiner, 166 La. 1098, 118 So. 453.
 

 For these reasons, the judgment appealed from is affirmed.