## McCASKEY REGISTER CO. et al. v. BARNES.

### No. 4503.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1933.

Rusca & Cunningham, of Natchitoches, for appellants.

Phanor Breazeale, of Natchitoches, for appellee.

MILLS, Judge.

The McCaskey Register Company, a creditor, and the estate of D. H. Veal, a stockholder, join in bringing this action to annul the appointment of T. G. Barnes as receiver for the Breazeale-Hyams Motors, Incorporated, a Louisiana corporation, and all proceedings had by virtue of said appointment.

Defendant interposed an exception of misjoinder. From a judgment sustaining this exception and dismissing the suit, plaintiffs have appealed.

A motion by defendant to dismiss the appeal is overruled for the reason that the grounds relied upon are not pertinent to the present case, being more applicable to the appeal in the companion case of Receivership of Breazeale-Hyams Motors, Incorporated v. Opposition of McCaskey Register Company and Heirs of D. H. Veal (La. App.) 146 So. 348, this day passed upon by this court, in which the same motion to dismiss is filed.

The parties plaintiff have a common, mutual, and identical interest in the preservation and proper distribution of the assets of the corporation. The fact that one is a creditor and the other a stockholder in no manner affects this mutuality. Our jurisprudence is that under such circumstances two or more parties have the right to join in an action to protect their common interest. State v. Shakspeare, 43 La. Ann. 92–111, 8 So. 893.

This is so even if plaintiffs sue in different and distinct qualities. The right of joinder is not based upon any provision of the Code of Practice, but upon well-settled rules of pleading found in the common law, aiming to prevent a multiplicity of suits. Gill v. City of Lake Charles, 119 La. 17, 43 So. 897; Castile et al. v. Texas Co., 170 La. 887, 129 So. 518; Erskine Heirs v. Gardiner, 166 La. 1098, 118 So. 453; State v. Parish Democratic Ex. Com., 173 La. 844, 138 So. 857; Peninger et al. v. Cox, 12 La. App. 209, 125 So. 754.

In view of these decisions, the ruling of the lower court in sustaining the exception and dismissing plaintiffs' suit is manifestly erroneous. It is reversed, and the case remanded to be proceeded with according to law.