(51 South. 292.)

No. 17,736.

THERIOT v. DAIGLE et

(Jan. 31, 1910.)

*(Syllabus by the Court.)*

FRAUDULENT CONVEYANCES (§ 255*)—ACTION TO CANCEL MORTGAGE—NECESSARY PARTIES.

Where A. executed a special mortgage to secure a note payable to his own order, and by him indorsed in blank, in favor of B. and any future holder of said note, and B. pledged the note before maturity to C. as collateral security for a loan of money, and subsequently D., a judgment creditor, brought suit against A. and B. to annul and cancel the mortgage as a fraudulent simulation, *held*, that C. was a necessary party to the suit.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 741–751; Dec. Dig. § 255.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Henry D. Smith, Judge ad hoc.

Action by Alfred Theriot against Pierre Daigle and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Hall, Monroe & Lemann, for appellant Dumesnil. Foster, Milling & Brian, for appellee.

LAND, J. Plaintiff, as a judgment creditor of the defendant Pierre Daigle in the sum of $336.93, with interest and costs, instituted suit to annul and cancel as a fraudulent simulation a certain recorded special mortgage to secure a note for $2,500, executed by Pierre Daigle in favor of Telemaque Dumesnil or any future holder.

Defendant Dumesnil filed an exception of no cause of action, which was overruled.

The same defendant then filed an exception of want of proper parties, because the mortgage note had been by him transferred for a valuable consideration and in the ordinary course of business. The exception failed to state the name of the transferee or holder of the note. The judge ordered the exception to stand as a part of the answer.

Defendant Dumesnil, reserving the benefit of his exceptions, answered, pleading a general denial of all the allegations of the petitions, except such as were specially admitted. Further answering, the defendant averred that the mortgage and note were executed in good faith and for a valuable consideration; that the suit was brought for the benefit of Bernard Levy, the original owner of the judgment, and that the nominal plaintiff, Alfred Theriot, had no interest in the

prosecution of the suit, which was a fraudulent conspiracy between Levy, Theriot, and Daigle to defraud the owner and holder of said mortgage note; and that said Levy should be made a party to the suit.

On the trial of the case, evidence was introduced showing that the mortgage note was held by the St. Mary Bank & Trust Company as pledgee to secure a loan made to the defendant Dumesnil.

The judge, after stating that the mortgage note was held by the said bank as an innocent third holder, and that any judgment rendered in the case would not affect the bank, handed down a decree as follows, to wit:

"As between the parties hereto, it is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff and against the defendants, declaring the mortgage entered by Pierre Daigle in favor of Telemaque Dumesnil on the 2d day of March, 1906, illegally executed, null, and void. It is further ordered that defendants pay all costs of this suit, to be taxed."

The defendant Dumesnil has appealed. The plaintiff has answered, praying that the judgment be amended so as to leave out all reference to the St. Mary Bank & Trust Company, not a party to the suit.

The note was indorsed in blank, and the mortgage was in favor of Telemaque Dumesnil and any future holder of the note.

One week after the execution of the act of mortgage, Dumesnil pledged the note to the St. Mary Bank & Trust Company as collateral to secure a loan of $1,500, represented by his own note, which was discounted and the proceeds credited to his account.

It follows that the said bank, as holder of the mortgage note, occupies the position of a mortgagee to the extent of its claim against Dumesnil, whose interest in the mortgage is merely residuary.

Under this state of facts, the question arises whether the bank, as the holder of the note, is a necessary party to the suit to annul the mortgage in question. The bank's interest in the subject-matter is obvious, and, as holder of the note, the bank has all the rights of a mortgagee to the extent of that interest.

The right to have a mortgage canceled cannot be tested, unless those who have a real or pretended interest are made parties. State of Louisiana v. Le Blanc, Judge, etc., 5 La. 329. This doctrine has been reaffirmed by an unbroken line of decisions.

In Ashbey v. Ashbey, 41 La. Ann. 141, 5 South. 547, the court said:

"It has been uniformly held in our jurisprudence, and, indeed, it stands to reason, that a mortgagee, not made a party to proceedings by which a judgment was obtained ordering the recorder of mortgages to erase a mortgage held by him, will not be bound by them.

"That doctrine, which is really an axiom of law and justice, has led this court in many cases to refuse countenance to a proceeding looking to the cancellation of mortgages, without notice to, or hearing from, the mortgagees, even in the absence of any plea to that effect, and in many instances the court has refused to order the recorder of mortgages to proceed to the cancellation, in the absence of such necessary parties, as this would be equivalent to an order to that officer to perform the duty at his peril."

In a similar case it was said:

"Courts cannot be required to decide cases piecemeal, or expose themselves to render contradictory or unavailing judgments." Willis v. Wasey, 42 La. Ann. 877, 8 South. 591.

It has been held in other jurisdictions that the assignee of the rights of another, being the equitable owner and real party in interest, is a necessary party to a suit affecting such right. 16 Cyc. 187.

Hence, whether we consider the bank as the mortgagee or as the assignee of the mortgagee, the result is the same.

The fact that, if the judgment be affirmed, a litigation will inevitably follow between the plaintiff and the bank over the same subject-matter demonstrates that the latter is a necessary party, in order to terminate the litigation and settle the rights of all the parties in interest in one suit.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the case be remanded, with leave to the plain-

tiff to make the St. Mary Bank & Trust Company a party to the suit, and for further proceedings according to law, and that the costs of appeal be paid by the plaintiff and appellee; other costs to abide the final result.