On Application for Rehearing.
MONROE, O. J.
It is said, in brief filed by plaintiff’s counsel in support of the application for - rehearing, that plaintiff, did not agree that “the action is not one falling under Act 38 of 1908, but strenuously contended to the contrary,” and we find such a contention in the original brief, the reference to the matter, as contained in the opinion heretofore handed down, having, probably, been based on a misunderstanding of what was said in the oral argument. The contention is, however, ‘ without merit, as the suit was instituted in February, 1908, and Act 38 of 1908 was approved in June of that year; it is entitled “An act to authorize the institution of suits to establish title to real estate where none of the parties are in actual possession of the same,” and provides exclusively for suits to be brought and contains no provision whatever indicating that it was intended to operate retroactively.
A further complaint is made that, agreeably to the precedents heretofore established, the case should have been remanded, with leave to plaintiff to make the necessary parties, and the complaint appears to be well founded. Theriot v. Daigle, 125 La. 363, 366, 51 South. 292; Heirs of Burney v. Ludeling, 41 La. Ann. 627, 639, 6 South. 248.
It is therefore ordered that the rehearing be granted; the court desiring to hear further argument upon the question last mentioned.
Supplemental Opinion.
PER OURIAM.
In the above numbered and entitled cause, a joint motion having been made in open court, by counsel for the appellants and appellee respectively, through E. I-I. Farrar, Esq., one of the counsel in the cause, suggesting to this court that the parties have agreed to the entry of a consent decree in this cause.
And in compliance with the wishes of all parties concerned:
“It is ordered that the judgment rendered in this cause in the lower court, dismissing the petitions without prejudice, be set aside, and this cause remanded to the district court with leave to the appellants to file a supplemental and *270 amended petition converting this cause into a petitory action and making new parties, if necessary, and that defendant have leave to file such exceptions and defenses thereto as may be pertinent to such an action.”