(112 So. 377)

No. 28467a.

## STATE · v. JOHNSON.

March 28, 1927.

*(Syllabus by Editorial Staff.)*

1. **Homicide** ⬳312—**Verdict finding accused guilty of using dangerous weapon, without intent to kill, held irresponsive to charge for cutting with such intent.**

Where information charged cutting with dangerous weapon with intent to kill, verdict finding accused guilty of using dangerous weapon, without intending to kill, *held* irresponsive, and properly refused by judge, and jury properly ordered to retire for further deliberations and reaching of legal verdict.

2. **Criminal law** ⬳889—**Until verdict is received and recorded, it is open to alteration by jury.**

Until a verdict is received and recorded, it is open to alteration by the jury.

3. **Homicide** ⬳312 — **Where information charged cutting with dangerous weapon, verdict finding defendant guilty of "using" such weapon held irresponsive.**

Verdict finding defendant guilty of "using" dangerous weapon, intending to kill, *held* irresponsive to information charging that he cut, stabbed, and thrust with a dangerous weapon, with intent to kill.

4. **Homicide** ⬳312—**Verdict finding defendant guilty of "using" dangerous weapon, intending to kill, did not find him guilty under statute (Act No. 44 of 1890).**

Verdict finding defendant guilty of "using dangerous weapon, intending to kill," *held* not to find him guilty of crime of shooting, stabbing, cutting, striking, or thrusting any person with dangerous weapon, with intent to kill, as denounced by Act No. 44 of 1890.

O'Niell, C. J., dissenting in part.

Appeal from Thirteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Oscar Johnson was convicted of using a dangerous weapon intending to kill, and he appeals. Verdict and sentence set aside, and case remanded.

A. V. Pavy, of Opelousas, for appellant.

Percy Saint, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J. The defendant was tried on an information which charged that he "feloniously did cut, stab, and thrust one Fred Trent with a certain dangerous weapon, to wit, a knife, with intent in so doing then and there the said Fred Trent feloniously, willfully and of his malice aforethought to kill and murder."

It appears from the record that the jury, at first, brought in the verdict:

"We, the jury, find the accused guilty of using a dangerous weapon without intending to kill."

Defendant insisted the verdict when announced was tantamount to an acquittal of the charge against him, but the trial judge ruled that it was not responsive to the charge, and ordered the jury to return to the jury room and to render one of the following verdicts, as they had been previously instructed, viz.:

"(1) Guilty of cutting with a dangerous weapon with intent to murder; (2) guilty of cutting with a dangerous weapon with intent to kill; (3) not guilty."

The jury then retired, and, after further deliberation, came into court with the following verdict:

"We, the jury, find the prisoner at the bar, Oscar Johnson, guilty of using a dangerous weapon intending to kill."

This verdict was received and duly recorded, and in due course the defendant was sentenced thereunder.

After the verdict was rendered, and prior to sentence, defendant moved to arrest the judgment and to be discharged on the ground that the verdict was not responsive to the charge contained in the information, and could not form the basis for a legal sentence. The motion was overruled, and a bill reserved. Defendant also moved for a new trial, which motion was also overruled and a bill reserved.

[1, 2] The verdict which the jury at first brought in was clearly irresponsive to the charge laid in the information, and we find no error in the action of the judge in refusing to receive it and ordering the jury to retire for further deliberation and the reaching of a legal verdict. Until a verdict is received and recorded it is open to alteration by the jury. State v. McIntosh, 141 La. 150, 74 So. 886; State v. Jeanisse, 125 La. 363. 51 So. 290.

[3, 4] Nor do we find that the verdict as actually received and recorded is in any way more responsive to the charge contained in the information than was the verdict first returned by the jury. The court had properly instructed them as to the several verdicts, either of which they might find. Their verdict was not in conformity to the instructions. It does not find the defendant guilty of any crime denounced by law. The crime denounced by the statute is shooting, stabbing, cutting, striking, or thrusting any person with a dangerous weapon, with intent to kill. Act 44 of 1890. It is not the mere use of a dangerous weapon, but the particular method employed in using such a weapon, that is an offense under the law. If an attempt be made to construe the verdict with respect to the provisions of the statute, it is impossible to determine whether the jury intended to find the defendant guilty of using a dangerous weapon either to stab, cut, or thrust, with intent to kill, or to use it to shoot or to strike, with intent to kill. It might mean, also, that it was the intention of the jury to convict the defendant of using a dangerous weapon, with intent to kill, in a manner not embraced within the terms of the statute. Cf. State v. Washington, 107 La. 298, 31 So. 638.

The case of State v. Keasley, 50 La. Ann. 761, 23 So. 900, relied on by the prosecution to sustain the verdict, is not, in our opinion, appropriate to the issue involved.

For the reasons assigned, the verdict and sentence appealed from are set aside, and the case is remanded to the court below for a new trial.

O'NIELL, C. J., is of the opinion that the verdict first rendered was a valid acquittal, but otherwise concurs.