No. 670

First Circuit

KINCHEN v. LIGAMARI

(October 8, 1930. Opinion and Decree.)

Mat J. Allen, of Amite, attorney for plaintiff, appellant.

Rownd & Warner, of Hammond, attorneys for defendant, appellee.

ELLIOTT, J. Ben Kinchen is the plaintiff in a suit against Giovana Ligamari, the object of which is to recover judgment against him confirming an alleged tax title which said Kinchen sets up for the property described in his petition.

Plaintiff's demand was refused in the lower court and he has appealed. There is no certificate to the transcript. The clerk of court has not certified that it is such, as required by the Code Practice, art. 585. Nor that it contains all the evidence adduced, as required by the Code Practice, art. 896. The record contains no statement of facts, but contains a statement of fact not disputed, on which we have concluded to act.

There was no motion to dismiss nor request to supplement the record.

The note of testimony shows that defendant's evidence in the case consisted of a title from Charles Lambis to Giovana Ligamari and Salvatore Ligamari with the record of the same in the conveyance book and a copy of the survey and plat of Corbin, La., and his evidence was not brought up.

It is not clear whether the blame for the situation should be placed on the clerk of court or the appellant. The law does not intend that an appeal should be dismissed, except for the fault of the appellant, and favors the right of appeal. Code Practice, art. 898.

If we dismiss the appeal, then the judgment against the plaintiff will not be reviewed. It is useless to remand the case for the purpose of having the record supplemented and certified to, as the law requires, because it appears from the undis-

puted statement of defendant's counsel in offering the title received in evidence, and which we therefore take to be true, that Giovana Ligamari and Salvatore Ligamari, together, purchased the property contemplated by plaintiff and defendant from Charles Lambis, and that Salvatore Ligamari has at the present time as much title and interest in the same and is a tax debtor, as to the delinquency resulting in said tax sale, all to the same extent as the defendant before the court. It therefore follows that Salvatore Ligamari is a necessary party to any proceedings looking to the confirmation of the tax title set up by the plaintiff. And he is not a party to the suit.

There was no exception of nonjoinder, still we could not act on the case, even if the record was complete and had attached to it a proper certificate, because necessary parties for the purpose are not before the court. The judgment appealed from could not, and none that we could render would, as between the present parties, accomplish the purpose of the suit brought by the plaintiff, because Salvatore Ligamari would not be bound by the decree.

A similar situation existed and was noticed by the Supreme Court ex officio in Succession of Todd, 165 La. 453, 115 So. 653. The Supreme Court found it best to annul the judgment and dismiss the suit for want of proper parties. See, also, Willis v. Wasey, 42 La. Ann. 876, 8 So. 591, 879; S. Blum & Co. v. Wyly, 111 La. 1092, 36 So. 202; Theriot v. Daigle, 125 La. 363, 51 So. 292; and North Central Texas Oil Co. v. Gulf Refining Co., 159 La. 403, 105 So. 411.

The situation is such that it is best for all parties concerned in the present case that the judgment appealed from be annulled and set aside, reserving to plaintiff the right to bring another suit for the purpose of confirming his alleged tax title, if he so desires.

For these reasons, acting ex officio, the judgment appealed from is annulled, avoided, and set aside, and plaintiff's suit is dismissed at his cost as in case of nonsuit; the plaintiff, Ben Kinchen, to have the right to bring another suit for the purpose of confirming his alleged tax title if he so desires, making proper parties defendant.