182 So. 324

STATE ex rel. JAMES H. AITKEN &
SONS, Inc., v. ORLEANS PARISH
SCHOOL BOARD.

No. 34747.

May 30, 1938.

Frymire & Ramos and C. L. Stiffell, all of New Orleans, for appellant.

Francis P. Burns and Henry B. Curtis, both of New Orleans, for appellee.

PONDER, Justice.

The relator seeks mandamus to compel the defendant School Board to enter into a contract with the relator for the installation of a plumbing, heating and sprinkler system in the William Frantz Public School, and in the alternative the relator seeks injunction to enjoin the defendant School Board from proceeding further with the execution of certain contracts entered into by the School Board with various parties for the installation of the plumbing, heating and sprinkler system in the school.

The defendant filed exceptions of no cause or right of action and of non-joinder of parties defendant. The defendant with reservation of its exceptions filed a return to the rule and an answer to plaintiff's petition.

Upon trial of the rule the lower court denied relator's application for mandamus and for preliminary injunction and sustained the defendant's exception of no cause or right of action. While there is no formal judgment sustaining the defendant's exception

of non-joinder, the record shows under the order to show cause why the preliminary injunction should not issue there is endorsement to this effect, "Exception of non-joinder as to injunction maintained." The plaintiff appeals. The defendant answers the appeal asking that the judgment appealed from be amended so as to maintain the exception of non-joinder of parties defendant.

Upon examination of the record we find that the School Board endeavoring to build the school at the lowest possible price asked for alternative bids: (1) For the construction of the building complete; (2) for the construction of the building, exclusive of the plumbing, heating and sprinkler system and electrical work; (3) for the plumbing, heating and sprinkler system alone; and (4) for the electrical work alone. The lowest bidder, Herman T. Makofsky, for the building complete was awarded the contract. There were no bids offered or received for the construction of the building exclusive of the plumbing, heating and sprinkler system and the electrical work. The relator's bid for the plumbing, heating and sprinkler system alone was the lowest bid, and the lowest bid for the electrical work was that of Thomas V. Sharp. There being no bid for the construction of the building exclusive of the plumbing, etc., system and the electrical work, the School Board awarded the contract to the lowest bidder for the construction of the building complete and rejected all the other bids including the relator's bid. The defendant School Board by an arrangement with the successful bidder undertook to install the plumbing, heating and sprinkler system and entered into contracts with various parties to that end. Under this arrangement, the defendant School Board would put the system in for more than $11,000 less than it would have cost had the successful bidder put in the system. Under this arrangement the estimated cost of the system is $25,000 and the relator's bid for this same work was $39,010.13 or over $14,000 more than it actually cost the defendant School Board to put in the system. The various parties who entered into contracts with the defendant to install this system are not made parties to this suit.

The defendant filed a motion to dismiss relator's suit in this Court. Attached to the motion are affidavits to the effect that the work has been completed. The defendant asks that the suit be dismissed for the reason that the case presents no real issue but is purely a moot case. The relator filed a motion to strike from the record the motion to dismiss and the attached affidavits on the ground that this Court cannot receive evidence originally except to determine questions of jurisdiction.

The lower court properly denied the relator's application for mandamus. The School Board awarded the contract to the lowest bidder for the building complete. If the School Board had rejected all the bids for the construction of the building complete it could not have possibly awarded the relator a contract for the plumbing, heating and sprinkler system since no bid was offered for the construction of the building ex-

clusive of the system. In fact if there was no contract for the construction of the building there could be no place for the system. Furthermore, the relator does not attack the contract awarded to Herman T. Makofsky for the construction of the building complete. The arrangement made by the School Board with the successful bidder was made after the contract was awarded to the successful bidder and all the other bids had been rejected.

In seeking to enjoin the execution of the contracts entered into by the defendant School Board with various parties for the installation of the plumbing, heating and sprinkler system the suit would necessarily have to be one to annul the contracts and in that event all the parties to the contracts would have to be made parties to the suit.

In the case of Dunham et al. v. Town of Slidell, 133 La. 212, 62 So. 635, this Court lays down this doctrine (page 636):

"In so far as seeking to enjoin the further execution of the contract, however, the suit would be one to annul the contract; and it stands to reason that to such a suit all parties to the contract would have to be made parties. 22 Cyc. 912; 28 Cyc. 1746; Willis v. Wasey, 42 La.Ann. 876, 8 So. 591, 879, and authorities there cited; Theriot v. Daigle, 125 La. 363, 51 So. 292."

For the reasons assigned, the judgment of the lower court is amended so as to maintain the exception of non-joinder of parties and as thus amended the judgment is affirmed at relator's cost.