HIGGINS, Justice.
 

 The plaintiff, the owner of the premises Nos. 2701-03 South Rocheblave Street, New Orleans, Louisiana, which were destroyed by fire on February 27, 1935, instituted this suit against the defendant insurance company asking for the reformation of the fire insurance policy covering the property, for the recovery of the sum of $3,000, the face value of the policy, and also for 12% penalties and attorney’s fees. It was alleged in the petition that the plaintiff had acquired the property from Nicholas J. Venturella on November 8, 1929, and that, after .the transfer, through mutual error, the defendant insurance company failed to change the name of the insured in the policy and continued to carry the fire insurance on the premises in the name of Nicholas J. Venturella, the former owner thereof; that when the policy was renewed on March 2, 1939, through inadvertence, the same error was again made and the plaintiff was not named the insured in the policy; that, in truth and fact, it was the intention of the parties that the insurance on the building be carried in the name of the plaintiff, the owner thereof; that the property was mortgaged to the Italian Homestead Association, now the Sixth District Building & Loan Association; and that the policy contained a Standard Mortgage Clause in which the association was named the payee or beneficiary thereof to the extent of the unpaid balance of the mortgage note. In the alternative, the plaintiff pleaded that if the error were not a
 
 *825
 
 mutual one, it was caused through the negligence of the association and its secretary, against whom the plaintiff prayed for judgment in the sum 'of $3,000, in solido.
 

 The insurance company filed an exception of misjoinder of parties defendant on the ground that the association and its secretary were not proper parties because the demands against them were in conflict with and independent of the demand against it This exception was overruled and the insurance company, reserving the benefit thereof, answered the petition and admitted the issuance of the policy and the destruction of the building by fire, but denied liability on the ground that no mistake had been made in naming Nicholas J. Venturella as the owner of the property and the insured in the policy, and, as the pTaintiff was not named in the policy as owner, he could not recover thereunder.
 

 The association and its secretary filed exceptions of vagueness, which were maintained, and upon failure of the plaintiff to amend his petition within the ten days allowed, the suit was dismissed as to both of them as of nonsuit.
 

 Thereafter, the defendant insurance company filed a supplemental answer, averring that the association was a necessary party to the suit, due to the fact that it was named as the payee or beneficiary under the loss payable clause of the policy (being the holder of the mortgage on the property), and had, on that basis, instituted suit against the company, which had the case removed to the United States District Court for the Eastern District of Louisiana, where it is now pending. Although the district judge ordered the amended answer filed, the association was not again made a party to this suit.
 

 The case was tried on its merits and ■judgment was rendered in favor of the plaintiff and against the defendant insurance company for the sum of $3,000, plus 12% penalties and $750 attorney’s fees, the lower court holding that it was the intention of the plaintiff, the insurance company and the association to have the building insured in the sum of $3,000, at a stated premium for a period of three years, in the name of the owner, but that through mutual mistake or error the policy had not been issued in the name of the owner, and that the policy should be reformed in order to carry out the intention of the parties. The judgment also ordered the plaintiff to pay to “the mortgage holder named in the policy” the amount due on the mortgage note as of the date of the fire, February 27, 1935, and, upon the payment and satisfaction of the judgment, the defendant insurance company would be relieved of further responsibility to any other - claimant under the policy.
 

 The defendant insurance company did not file a motion for a new trial but appealed suspensively from the judgment.
 

 The record shows that Nicholas J. Venturella owned the premises designated by the municipal Nos. 2701-03 South Rocheblave Street, New Orleans; that the Italian Homestead Association (now the Sixth District Building & Loan Association) held a mortgage on the property and the Insurance Company of the State of Pennsyl
 
 *827
 
 vania had issued a fire insurance policy thereon, with the Standard Mortgage Clause in favor of the association; that on November 8, 1929, Venturella sold the property to Vincent Randazzo, the plaintiff, by an authentic notarial act of sale, which was properly registered and recorded, for the sum of $6,500, represented by a cash payment of $4,147.27 to Venturella .and the assumption of the balance of $2,-
 
 352.72
 
 due to the Italian Homestead Association on its mortgage; that the property was assessed in plaintiff’s name and he paid the taxes; that the plaintiff thereafter paid all of the premiums due on the policy to the defendant insurance company, through the association; that apparently no change was made in the name of the owner of the property on the original policy; that on March 2, 1932, the insurance company issued another or renewal policy, the one sued upon, in which Venturella was erroneously named the insured and owner of the property; that in accordance with the usual custom, the insurance agent delivered the policy to the association, which kept it in its files, and the plaintiff at no time saw the policy or was informed as to its contents and was at all times of the opinion and under the impression that the policy of insurance had been issued in .his name; that the premises were destroyed by fire on February 27, 1935, and the defendant insurance company refused to pay the amount of the insurance thereon to the plaintiff because he was not named as the insured-or owner of the property in the policy and declined to pay Venturella because he was not the owner of the property; and that the defendant has neither tendered nor returned to the plaintiff the amount of the premiums paid to it by him through the association.
 

 We shall first consider the question of whether or not the Sixth District Building & Loan Association, formerly the Italian Homestead Association, is an indispensable party to this action.
 

 The policy introduced in evidence by the plaintiff shows that the association is the payee under the Standard Mortgage Clause to the extent of the balance due on its mortgage note. The provisions of the mortgage required that the property be insured for the association’s protection. Plaintiff also introduced in evidence a statement furnished by the Sixth District Building & Loan Association showing that the balance due it on the mortgage note on February 27, 1935, or on the date of the fire, was the sum of $1,447.18. The association’s secretary also verified this statement. It is, therefore, clear that the association, as holder and owner of the mortgage note and payee under the -Standard Mortgage Clause of the policy, had an interest in and a claim against the proceeds of the policy under the terms of the mortgage and the policy. Officer v. American Eagle Fire Ins. Co., 175 La. 581, 143 So. 500, and In re Clover Ridge Planting & Mfg. Co., 178 La. 302, 328, 329, 151 So. 212. Hence, the association was a necessary party to the suit. Harvey v. Engler et al., 184 La. 858, 168 So. 81; Succession of Todd, 165 La. 453, 115 So. 653; Willis v. Wasey, 42 La.Ann. 876, 8 So. 591, 879; Cucullu v. Walker, 16 La.Ann. 198;
 
 *829
 
 Kinchen v. Ligamari, 14 La.App. 497, 130 So. 228; Tulane Law Review, Vol. 13, pages 406 and 409, and McMahon’s Louisiana Practice, Vol. 1, Ch. 5, Sec. 3, page 413.
 

 Counsel for the plaintiff argue that since the plaintiff in his petition made the association a party to the suit and the insurance company filed an exception of misjoinder of parties defendant, and the association by its exception had itself eliminated from the case, and as the insurance company did not ask for a new trial, we should proceed to adjudicate the entire matter, or at least, that part of the plaintiff’s claim over and above the balance due the association on the mortgage note, because the homestead could not possibly have any interest in that part of the claim or the proceeds of the policy. Officer v. American Eagle Fire Ins. Co. and In re Clover Ridge Planting Mfg. Co., supra.
 

 The insurance company, in its amended answer, pointed out to the court that the association had filed another suit against it in the Civil District Court and the company had the case removed to the United States District Court for the Eastern District of Louisiana, where it is presently pending, and that, if the association were not made a party to this suit, the company would be compelled to run the risk of having to pay the claim twice.
 

 The rights of the plaintiff, the association, and the defendant with reference to the balance alleged to be due the association on the mortgage note and under the Standard Mortgage Clause of the policy could be determined contradictorily between them if the case were remanded to the district court and the association made a proper party. If this were done, the plaintiff will not be further delayed in having his claim to a part of the proceeds of the policy, pending since February 2, 1935, determined. It is patent upon the face of the record that the association was fully apprised of the pendency of this suit and has neither intervened nor asked to be heard herein as amicus curiae, although its attorney was present in court at the time the case was argued. However, the association’s attorney did state that with regard to the question of mutual error and the reformation of the policy, its position was identical with that taken by the plaintiff.
 

 Counsel for the defendant has referred us to the case of Dehart et al. v. Continental Land & Fur Co., Inc., et al., La.Sup., 200 So. 9,
 
 [1]
 
 decided December 2, 1940, in support of his contention that the judgment herein should be annulled and we should refuse to enter any other judgment until all of the necessary parties are before the court. In that case, some of the co-owners, of ten acres of land instituted an action to recover damages for an alleged willful trespass by the defendant. The petition on its face showed that the other co-owners were not before the court and the trial judge overruled the exception of nonjoinder of parties plaintiff on the ground that it came too late. The district judge decreed the respective proportionate interests of the co-owners in the property, although some of
 
 *831
 
 them were not parties either as plaintiffs, •defendants, or interveners. It also appeared that there was some controversy among the parties as to who was entitled to an interest in the land. We held that the trial judge abused his discretion in overruling the exception of nonjoinder and proceeding with the case when his judgment could not bind the co-owners who were not before the court. In the instant case, plaintiff had made the association a party defendant. He alleged in his petition that the association was the holder of the mortgage on the property and was the payee of the Standard Mortgage Clause in the policy (as appears on its face) upon which the suit is predicated, and on the trial of the case, plaintiff proved, through evidence furnished by the association, the extent of its claim against the policy and the proceeds thereof to the penny, i. e., $1,447.18.
 

 On page 29 of the defendant’s brief, it is stated:
 

 “Obviously, if the insurance company paid this judgment the only ‘person or corporation or any other claimant’ who would be concluded by such a payment under such a judgment would be plaintiff, Randazzo. Such payment would have no effect whatever to discharge defendant insurance company from its obligations to the mortgagee (Sixth District Building & Loan Association) under its Standard Mortgage Clause. In this connection it must be remembered that the fire insurance policy in this case contained, not a single, but a double, contract ; these two separate, distinct contracts being between the insurance company and the assured, as evidenced by the insurance policy itself, and the other between the insurance company and the mortgagee (Homestead Association), as evidenced by the Standard Mortgage Clause attached to the policy. Officer v. American Eagle Fire Ins. Co., 175 La. 581, 143 So. 500. While a payment under this judgment might have the effect of discharging the insurance company as to liability to plaintiff, Randazzo, it could not possibly discharge the liability of the insurance company, if any existed, to the Homestead Association as mortgagee, under the Standard Mortgage Clause.”
 

 With reference to the question'of mutual error and reformation of the contract, it appears that the rights of the association and the plaintiff are identical and, therefore, there is no conflicting or antagonistic interest between them on that score. The association certainly has no right to any part of the proceeds of the policy over and above the amount of its mortgage and that sum has been definitely fixed at $1,447.18. The plaintiff has a right of action under the policy if reformed to recover the difference between $1,447.18 and $3,000, or $1,552.82, independent of any rights or defenses that the insurance company may assert against the association. The plaintiff and the defendant are the only parties who have to be bound by a judgment of the court as to plaintiff’s claim to $1,552.82 of the proceeds of the policy, and they are before, the court.
 

 From the foregoing analysis, it is clear that the case of Dehart et al. v. Continental
 
 *833
 
 Land & Fur Co., Inc., et al., supra, is distinguishable from the present one and is, therefore, not controlling here.
 

 Under the foregoing circumstances, it appears to us that the association is not an indispensable party to this suit, as far as plaintiff’s claim, over and above the balance due on the mortgage note is concerned. By limiting the amount of plaintiff’s recovery, in the event we should conclude that the plaintiff had established his case against the defendant, the risk of the defendant having to pay the claim, or any part thereof, twice would be eliminated. Dobie on Federal Procedure (1928), pages 213, 214 and 217; Pike on Federal and Code Procedure, page 458.
 

 The sole and only defense by the insurance company against the plaintiff on the merits of this case is that the plaintiff is not named as the owner of ’the property or the insured in the policy and that this error was not a mutual one. There is no plea of dishonesty or fraud and it appears that all parties herein acted in good faith. Plaintiff paid the premiums due under the insurance policy, through the association, to the insurance company from November 8, 1929, through February 27, 1935, and they have been retained by the company. The testimony shows that it was customary for the secretary of the association to have the insurance placed on the improvements upon which it held a mortgage through Suites & Heyl, defendant’s representatives. Defendant’s own witness testified that upon simple request the plaintiff’s name would have been inserted in the policy and Venturella’s taken therefrom. There is not any evidence tending to show that there would have been any greater hazard or risk if the plaintiff had been named as the insured in the policy. On the contrary, it appears from defendant’s evidence that this would have been an acceptable piece of business for the company.
 

 It was proved that the secretary of the association neglected or failed to inform the insurance company of the change of ownership of the property insured, and that the representative of the insurance company, at the time the policy was renewed or reissued on March 2, 1932, failed to inquire if there had been any change in the status of the ownership of the property. The insurance agent erroneously assumed there had not been any change when issuing the policy in March, 1932. The plaintiff and the association intended to have insurance coverage against fire on the premises Nos. 2701-03 South Rocheblave Street, for $3,000, for a definite premium. The insurance company’s representative intended to give that coverage to the owner and the association and it accepted the owner’s payments on the premiums, through the association, during the six years that the plaintiff was the owner of the property. All parties intended an effective contract for the protection of the owner as well as the association. The only error or mistake which was made by the parties was that of carrying the name of Venturella as the insured in the policy, instead of Randazzo, the owner of the property.
 

 In his reasons for judgment, our learned brother below stated:
 

 
 *835
 
 “It. is apparent that in this case there was a mutual mistake. It cannot be disputed that the real intention of the Insurance Company and the Homestead Association was to insure the building on which the Homestead had made the loan.
 

 “The evidence shows that Mr. Sporl, representing the Homestead Association, and Sintes & Heyl, representing this Insurance. Company, had no other thought in their minds, but to issue a policy of insurance, in the correct name of this owner, with a standard mortgage clause in favor of the Homestead Association, in order to protect the Homestead Association.
 

 “This through mutual mistake they did not do. Hence, this policy should be reformed in order to carry out this mutual intention of both parties to this contract. It is so ordered.”
 

 In the case of the Great American Insurance Company v. Johnson et al., 25 F.2d 847, 849, U. S. Circuit Court of Appeals, Fourth Circuit, Johnson, one of the owners of a garage building, verbally applied for insurance thereon in the sum of $3,500, in favor of himself and his co-owner, Parks. The insurance company’s representative stated that she would consider the matter and would inform Johnson later as to whether the policy would be issued. That afternoon, she decided to write the policy and telephoned the office of the Home Auto Company (in which company Johnson and Parks owned the majority stock) and, in the absence of Johnson, an employee told her to place the policy in the name of the Home Auto Company. The policy was delivered the same afternoon arid placed upon Johnson’s desk. It remained unnoticed by Johnson until after the building which had been insured was destroyed by fire two days later, at which time the mistake was discovered. The insurance company refused to honor the claim because the policy was not in the name of Johnson and Parks. The district judge rendered judgment in favor of the claimants and the insurance company appealed. The Court of Appeal held that there had been a mutual mistake or error because the parties intended to have the insurance on the building in the name of the owners and that through the misinformation of the employee of Johnson and Parks, the policy was erroneously written in the name of the Home Auto Company instead of their names. The court reformed the policy so as to place the owners’ names therein and, in affirming the judgment of the lower court, stated: “* * * To allow the company to take advantage of such a mistake would be unconscionable, and there is no doubt that equity can and should grant relief under such circumstances.”
 

 We think that the above authority is decisive of the issue presented here. The only difference between that case and the instant one is that there the claimants’ employee gave the insurance agent misinformation which she followed in writing the policy, thereby causing the error. In the instant case, the mistaké was due to the fact that the plaintiff neither directly nor indirectly, through the association, gave the insurance company’s representative information as to the name of the owner when the property was transferred
 
 *837
 
 in 1929 and when the policy was renewed in 1932, and the company’s representative failed to make inquiry in 1932 as to the name of the owner of the property and assumed that it was the previous named insured who still owned the property. In short, in the above case, the claimants’ employee, through error, misled the insurance company’s agent who did make inquiry and, in the instant case, the plaintiff and the association neglected to give the information and the company’s representative failed to make inquiry therefor. It is our opinion that our learned brother below properly concluded that there was a mutual mistake and that the policy should be reformed so as to name Vincent Randazzo the owner of the property, the insured. Crowell v. New Hampshire Fire Ins. Co., La.App., 147 So. 762 and Brough v. Presidential Fire & Marine Ins. Co., 189 La. 880, 181 So. 432.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court be and the same is hereby amended by reducing the amount awarded to the plaintiff from $3,000 to $1,552.82, plus 12% penalties thereon and legal -interest from judicial demand until paid; by reducing the attorney’s fees allowed from $750 to the sum of $300; by annulling the third paragraph of the decree which undertakes to relieve the defendant frorn^ further responsibility on the policy to any other claimant, upon the payment of the full amount of the judgment to plaintiff, who is ordered to pay the association the amount due it; and by reserving the rights of the plaintiff Vincent Randazzo, the defendant, the Insurance Company of the State of Pennsylvania, and the Sixth District Building & Loan Association (formerly the Italian Homestead Association) as the holder of the mortgage note and the payee under the Standard Mortgage Clause of the policy, insofar as the claims on the insurance policy to the balance of the proceeds amounting to $1,-447.18 are concerned; and the case is remanded to the district court, in order that the Sixth District Building & Loan Association be made a party to the suit and that the rights of the plaintiff, the defendant and the Sixth District Building & Loan Association may be contradictorily adjudicated between them; and as thus amended, the judgment is affirmed; defendant to pay the cost of this appeal and all other costs to await the final disposition of the case.
 

 O’NIELL, C. J., does not take part.
 

 [1]
 

 106 La. 701.