**STATE FARM INSURANCE COMPANIES et al., Appellants,**

v.

**Willie Lee THOMPSON et al., Appellees.**

No. 16484.

United States Court of Appeals
Fifth Circuit.

May 9, 1957.

Rehearing Denied June 11, 1957.

Oliver P. Stockwell, Fred H. Sievert, Jr., Lake Charles, La., Plauche & Stock-well, Lake Charles, La., of counsel, for State Farm Ins. Companies.

H. Alva Brumfield, Baton Rouge, La., for appellees.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

Upon ample evidence the District Court in an opinion, Thompson v. State Farm Insurance Companies, D.C.La., 145 F.Supp. 473, which we approve as it relates to the limited matter now before us, by findings of fact which withstand the scrutiny of "clearly erroneous," Fed. Rules Civ.Proc., rule 52(a), 28 U.S.C.A., and a correct statement of applicable Louisiana principles of law, held that the first policy was still in force and effect, had not been superseded by the second one, and had not been terminated by cancellation of the second one.

We reject, as did the District Court, the suggestion that the Insurance company, through errors of its own agent in erroneously failing to strike out of the application the printed figures "$10,-000/$20,000" for policy limits though the agent accurately indicated the premium for continuation of the $5,000/$10,-000 limits of the initial policy, could transmute delivery of this second and erroneous policy into a counter-offer, an implied acceptance of which was established, as a matter of law, by the mere continued retention (unread) of the policy for some 60 days by the assured ignorant of the changes. Certainly not where the objective is merely to "create" a new contract imposing added premium obligations which, on nonpayment, then serve as the basis for cancellation altogether.

The assured, under policy provisions, was entitled as of right to substitution of the Chevrolet for the original Ford for the balance of the original policy term and for the limits and coverages specified in that policy and original application. The only new coverage sought, and which the agent intended to provide,

was medical payments for which the assured paid the added premium of $3.00. His failure to pay the added premiums for other coverage not sought or desired neither resulted in the second and erroneous policy displacing the first, nor permitted the insurer to consider him in default and cancel for nonpayment of that which he did not owe.

Affirmed.