ELLIS, Judge.
This is an action for damages for personal injuries sustained by the plaintiffs, John Easley and Donald Easley, guest passengers in an automobile owned by defendant, Hardy Travis and operated by his minor son, John Travis.
Suit was originally filed against Boston Insurance Company, Bankers Fire and Marine Insurance Company, State Farm Mutual Automobile Insurance Company, and Hardy Travis, the owner of the vehicle.
Numerous pleadings were filed by both plaintiffs and defendants, and on November IS, 1958, the Boston Insurance Company effected a settlement with plaintiffs, John Easley and Donald Easley, and the suit was dismissed insofar as Boston Insurance Company was concerned. Also, -plaintiffs voluntarily agreed to dismiss their suit as to State Farm Mutual Automobile Insurance Company.
*655 At a pre-trial conference, it was stipulated that should plaintiffs he successful in their suit against Bankers Fire and Marine Insurance Company, the proper quantum would be $2,500 for John Easley, and $500 for Donald Easley. Defendant, Bankers Fire and Marine Insurance Company, maintained that exceptions of no right and no cause of action, and exception of compromise and res judicata should be maintained. On November 5, 1959, the above exceptions were overruled and at a subsequent trial on the merits there was judgment for plaintiffs and against defendant, Bankers Fire and Marine Insurance Company in the amounts heretofore set out. From this judgment defendant, Bankers Fire and Marine Insurance Company has prosecuted this appeal.
The question of liability is not seriously in dispute and the primary issue before this Court is whether a binder issued by Bankers Fire and Marine Insurance Company through their agent, Thomas S. Williams, doing business as Williams Insurance Agency, to Hardy Travis was in force at the time of the accident.
The following facts are essentially not in dispute.
On April 3, 1958, Thomas S. Williams, d/b/a Williams Insurance Agency of Clinton, Louisiana, was a duly authorized agent for Bankers Fire and Marine Insurance Company. On that date he issued a binder in Bankers Fire and Marine Insurance Company to Hardy Travis on the automobile involved in this accident insuring the driver of that automobile with liability insurance of $5,000 for injuries to one person, $10,000 for injuries in any one accident, $5,000 property damage, and $500 medical payments.
On April 10, 1958, Bankers Fire and Marine Insurance Company cancelled its agency agreement with Mr. Williams and on April 11, 1958 (prior to the accident herein sued on) a policy in Boston Insurance Company was physically issued and delivered to Hardy Travis. Mr. Williams testified that through error or neglect he neglected or forgot to include the $500 medical payments coverage in the policy although he had been requested by Mr. Travis to, and had agreed to so do. The accident complained of occurred on April 12, 1958, and the question of the validity of the binder is squarely presented.
The terms of the binder in question show that it expired in thirty (30) days after issuance or when the policy of insurance was issued. The accident complained of occurred on the date Mr. Travis received his Boston Insurance Company policy, and Mr. Travis refused to surrender either the policy or the binder of Bankers Fire and Marine Insurance Company since the policy did not have $500 medical coverage. However, Mr. Travis did not subsequently pay for the binder.
The lower court concluded that since the accident occurred before a rider or an amendment for $500 medical payments was made to the policy issued by Boston Insurance Company, Mr. Travis had not accepted the policy and that the binder of Bankers Fire and Marine Insurance Company was still in effect.
It is clear that Hardy Travis asked for and wanted only one liability insurance policy with limits of $5,000/$10,000/$5,000 with $500 medical coverage, tie did not have a particular choice of insurance companies and the policy issued by Boston Insurance Company covered the automobile which he desired insured. He paid for only one policy and was satisfied with it except for the omission of $500 medical payments inadvertently omitted by the agent, Mr. Williams.
Counsel for plaintiffs contend that the present situation is on all fours with the case of Thompson v. State Farm Insurance Companies, D.C., 145 F.Supp. 473, affirmed, 5 Cir., 244 F.2d 291. In the Thompson case, a new policy was issued to an insured and through error higher limits of liabil *656 ity coverage were included. The insured had paid the entire premium of the old policy, but did not make the additional payment for the increased coverage. The second policy was cancelled and an accident occurred. The Court held that a novation had not taken place since the policy holder had not agreed to' the additional coverage; that the second policy had not replaced the first policy, and that the first policy was still in effect; and that the second policy had been correctly cancelled.
We are in agreement with the holding in the Thompson case, but we feel that it is to be distinguished from the instant case in several respects.
The error on the part of the agent in the Thompson case resulted in a purported cancellation of liability insurance that the insured had previously purchased and paid for in full. In the instant case the error on the part of the agent purported to omit a portion of the medical payment coverage and the insured was satisfied with the policy in all other respects. The error in the Thompson case was rectified by annulling the second policy. The error in the instant case would be rectified by holding that medical payment coverage was in effect afforded the insured in his Boston Insurance Company policy. Novation had not taken place in the Thompson case but did take place in this case.
Certainly, it would be unjust to rectify Mr. Williams’ mistake in regard to Boston Insurance Company at the expense of Bankers Fire and Marine Insurance Company. Especially, this is true when, as will be pointed out, the insured, Hardy Travis, obtained the coverage that he sought. We are of the opinion that when Hardy Travis accepted the Boston Insurance Company policy (the insurance that he desired, with the exception of the medical payment provisions, which he would apparently be entitled to by timely bringing an action to have the contract reformed and with proper proof thereof), the said Boston Insurance Company policy supplanted and cancelled the pre-existing binder of Bankers Fire and Marine Insurance Company. See Maryland Casualty Company v. Kramel, La. App. 2 Cir., 1955, 80 So.2d 897, 899.
Although a reformation of the insurance contract between Hardy Travis and Boston Insurance Company is not an issue in this suit, it is important to have some discussion of this problem since counsel for plaintiff strongly contends that the omission of the $500.00 medical coverage from the Boston Insurance Company policy prevented a cancellation of the binder of defendant, Bankers Fire and Marine Insurance Company.
In the Maryland Casualty Company v. Kramel case, supra, the Court of Appeal for the Second Circuit stated:
“There is ample authority for the reformation of insurance contracts where, by reason of mutual mistake, the policy as written does not express the actual intent of the parties. 29 Am. Jur., p. 237, ‘Insurance’, § 241, states the general rule as follows:
“ ‘Reformation of an insurance policy may be had, in general, where, by reason of fraud, inequitable conduct, or mutual mistake, the policy as written does not express the actual and real agreement of the parties. More particularly, if by inadvertence, accident, or mistake the terms of a contract of insurance are not fully or correctly set forth in the policy, it may be reformed in equity so as to express the actual contract intended by the parties, if the mistake is mutual or if there has been fraud or inequitable conduct by one of the parties to the contract. A suit for a reformation may be and usually is maintained after a loss which would fall within the policy as reformed. If an insurer has agreed to reneiv a policy but in fact issues a new policy containing different terms, the policy may be reformed to read the same as the original policy.’ (Emphasis supplied)”
*657 It is clear from the above quotation that Hardy Travis’ remedy was to institute proceedings to have the Boston Insurance Company contract reformed if the coverage provided had not been that agreed upon. As previously stated, we feel that when Mr. Travis accepted the policy with Boston Insurance Company, the binder passed out of the picture and could not be revived by the mistakes of the agent in regard to subsequent insurance coverage accepted by the insured. The mistake in the instant case had not been in relation to the binder or as pertains to it, but had been in the second contract with Boston Insurance Company.
For the reasons hereinabove assigned, the judgment appealed from is reversed and set aside.
It is now ordered, adjudged and decreed that there be judgment herein in favor of defendant, Bankers Fire and Marine Insurance Company and against plaintiff, Donald Easley and John Easley, rejecting their demands at their cost, including cost of appeal.
Reversed.