HAMLIN, Justice ad hoc.
 

 Plaintiffs appeal from a judgment of the trial court, which disallowed their claims for damages resulting from an automobile collision and for attorneys’ fees.
 

 The record discloses that on November 30, 1954, Wilson Christo, of Wakefield, Louisiana, purchased a new 1954 Mercury Custom Four-Door automobile from Audubon Motors, Inc., of Baton Rouge, Louisiana. After allowance for trade-in and a cash down payment, the original price of $3,254.56 was reduced to a balance of $1,905. The E. J. Gonzales Finance Co., of Baton Rouge, Louisiana, financed this amount, for which it held a chattel mortgage and a negotiable promissory note of Wilson Christo. The automobile was insured against collision by the Surety Insurance Agency, Inc. — Eagle Star Insurance Co., Ltd. being the real insurer.
 

 It is admitted by all parties litigant that Wilson Christo permitted his cousin, Johnnie Lee Jackson, a minor of 20 years, to buy the car in his name. Since Jackson was a minor he was unable to contract for the purchase of an automobile, but he furnished the .trade-in car and paid the cash down payment.
 

 These facts were known by Audubon Motors, Inc., and the salesman handling the transaction assisted Jackson in having his cousin, Christo,.sign the application papers. The representatives of Gonzales Finance Company, likewise, knew that Jackson was a minor. The purchaser’s statement given to the E. J. Gonzales Finance Company specifically stated that Johnnie Lee Jackson would use and pay for the car.
 

 The collision insurance coverage was negotiated by telephone. Mr. Gene Knight, Collection Manager of E. J. Gonzales Finance Company, conveyed the necessary information to Mrs. Sue Dwyer, Office Manager of the Surety Insurance Company, and the testimony is disputed as to whether Mr. Knight told Mrs. Dwyer that the automobile would be driven by a minor. The testimony of the insurance company repre- • sentatives is to the effect that had the true facts and circumstances been revealed, the company would never have issued the policy for the period 12/1/54 to 6/1/56 and accepted a premium of $143. The company witness stated that where drivers are under twenty-five years of age, the risk is affected.
 

 Be'that as it may, the policy was issued in the name of Wilson Christo, and the State of Louisiana, Department of Revenue, Motor Vehicle Division, issued a certificate of title to Wilson Christo on December 13, 1954.
 

 ' Johnnie Lee Jackson took over control of the car and almost demolished it in a 'col
 
 *31
 
 lision with another vehicle on December 24, 1954. Christo submitted a claim for damages, and the matter was referred to the General Adjustment Bureau, Inc. Liability was denied on March 25, 1954, and Wilson Christo and the finance company then brought the present suit.
 

 In denying recovery, the trial judge said:
 

 “I am of the opinion that plaintiffs are not entitled to recover under the policy of insurance issued by defendant for the reason that it was obtained by material misrepresentations, made with intent to deceive, and made by one acting as the agent of each of the plaintiffs.”
 

 We have presented for our determination the questions of whether plaintiffs made material misrepresentations, and, if such were made, were they made with intent to deceive.
 

 LSA-Revised Statutes 22:619 provides, in part:
 

 “A. * * * no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.”
 

 In the case of New Zealand Insurance Co., Ltd. v. Holloway; D.C., 123 F.Supp. 642, 645, the above section was interpreted as follows:
 

 “Under Louisiana law, no material misrepresentation or warranty made in the negotiation of an insurance contract shall be deemed material or defeat or void the contract unless the misrepresentation or warranty was made with intent to deceive. LSA-R.S. 22:619.
 

 “The converse of (1) above is true, and if the misrepresentation was material and if it was made with intent to deceive, such misrepresentation will void the contract of insurance.
 

 “The defendant Holloway, when he accepted the policy of insurance with full knowledge of its contents, and this he is presumed to have done, adopted as his own all the representations and warranties therein contained.”
 

 Audubon Motors, Inc. and E. J. Gonzales Finance Company speculated as to recovery on the note held by the finance company. They knew full well that Christowas the obligor if any default occurred, and that legal proceedings would have to be taken against him and the car. Jackson’s responsibility to make the monthly payments was a private agreement between him and Christo. To the world, Christo was the owner of the car, and his financial responsibility was the concern of the finance company and Audubon Motors, Inc., not that of the insurer.
 

 
 *33
 
 The insurer’s only concern was the fire, theft, and collision coverage of the car and the payment of the premium, for which payment it looked to the finance company. Any representation made as to the owner of the car was not material in this case. The testimony of record discloses no intention on the part of the finance company to deceive the insurer as to the real owner. All papers were available for the insurer’s inspection, but insurance was issued as the result of a telephonic conversation. The insurer cannot complain about the fact that Jackson was the driver of the car at the time of the accident and up until that time had been the only driver, because it is stated in the coverage as follows:
 

 “Definition of Insured
 
 With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘insured’ includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured
 
 or with his permission. * * *”
 
 (Emphasis ours.)
 

 Therefore, we find no intent on the part of the motor company and the finance company to deceive the insurer as to the driver of the car, because by its own terms the contract stated that one other than the insured could drive the car with the insured’s consent. If Christo had been the real owner, in fact as well as in name, he could have permitted Jackson to drive.
 

 A distinction is made between “Health and Accident Insurance” and “Vehicle Insurance” in Sections (2) and (3) of LSA-Revised Statutes 22:6. This distinction is recognized in Section B of LSA-Revised Statutes 22 -.619, as follows:
 

 “In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.”
 

 For the reasons assigned, the judgment of the trial court is reversed and set aside, and it is now ordered that this case be remanded to the trial court for determination of the actual damages suffered by plaintiffs and their right to attorneys’ fees.
 

 HAWTHORNE, J., absent.