142 So.2d 458 (1962)
GRAIN DEALERS MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Rodney G. MILLER et al., Defendants-Appellants.
No. 589.
Court of Appeal of Louisiana, Third Circuit.
June 13, 1962.
*459 H. Alva Brumfield and Robert Turner, by Robert Turner, Baton Rouge, G. Dreux Smith, Darrell D. DesOrmeaux, Sr., Lafayette, for defendants-appellants.
Carl F. Walker, Monroe, Gist, Murchison & Gist, by D. Cameron Murchison, Alexandria, for plaintiff-appellee.
Before SAVOY, HOOD and FRUGÉ, JJ.
SAVOY, Judge.
Plaintiff filed this action for a declaratory judgment on a policy of automobile insurance issued by it on a 1959 Buick car, seeking to have said policy declared null and void.
For a cause of action, plaintiff alleged that it issued a certain policy of automobile insurance on a 1956 Buick to defendant, Rodney G. Miller, who represented himself as the owner of the said car and the named insured therein; that in September of 1958, an endorsement was added to said policy, changing the insured vehicle from a 1956 Buick to a 1959 Buick. On June 29, 1959, plaintiff issued a new policy of automobile insurance covering the 1959 Buick, wherein the said defendant, Miller, represented himself as the owner of said car and was listed as the named insured.
Plaintiff alleged further that defendant, Miller, willfully, knowingly and fraudulently represented himself as the owner of the said vehicles named in the above policies, when in fact, the said vehicles were owned by Whitney Leger, also made a defendant herein, an uncle of the said Miller.
Plaintiff alleged further that defendant, Leger, was having difficulty with his wife; that he intended to file a suit for separation from his wife, and that the vehicle was transferred to Miller for the purpose of defrauding the wife and preventing her from claiming an interest in the 1959 Buick. That the said 1956 and 1959 Buick remained in the possession and control of the said defendant, Leger.
Plaintiff alleged further that on July 19, 1959, said defendant, Leger, was operating the 1959 Buick insured by it, when he was involved in an accident in the Parish of Rapides, Louisiana; that Mae Adams, also made defendant in this suit, was an occupant of the 1959 Buick operated by the said defendant, Leger, at the time of the accident mentioned herein. That she sustained certain personal injuries as a result of the said accident and should be made a party to this suit.
Plaintiff prayed that after due hearing, the insurance policy issued to the defendant, Miller, covering the 1959 Buick should be declared null and void, ab initio, and further declaring that no coverage was afforded thereby with respect to the accident of July 19, 1959.
Plaintiff then filed an amending and supplemental petition reiterating all of the allegations contained in the original petition, and stating that insurance would not have been issued to Whitney Leger because of his occupation as a bartender since a bartender is on the prohibited list of risks which plaintiff will not insure.
To this suit, defendant, Mae Adams, filed exceptions of no cause and no right of action. These exceptions were based on the theory that the district court should not entertain a suit for declaratory judgment in the instant case for the reason that in suit number 54,043, "Mae Adams v. Whitney Leger, Rodney Miller, Leo White and Grain Dealers Mutual Insurance Company" in the 9th Judicial District Court, Parish of Rapides, Louisiana, plaintiff had sued the same parties in tort involved in the instant case, together with one Leo White (the driver of the other vehicle), arising out of the accident of July 19, 1959.
The defendant, Mae Adams, also filed a motion to consolidate suit number 54,043 and the instant suit.
*460 The exceptions were overruled by the trial judge and the motion to consolidate was refused.
In their answers, defendants, Leger and Miller, denied generally all of the allegations of plaintiff's petition, and asked that plaintiff's suit be dismissed at its costs.
From the judgment of the district court, defendant, Mae Adams, has appealed to this Court.
Since counsel for defendants has not urged, in oral argument or in brief, the exceptions of no cause and no right of action urged in the lower court, that the district court should not entertain a suit for declaratory judgment because another suit involving the same parties and subject matter had been filed in Rapides Parish, we consider that he has abandoned this position and will now proceed to the merits of the case.
Without going into detail, this Court is of the opinion that the trial court was correct in holding that the car involved in the instant suit was transferred from defendant, Leger, to defendant, Miller, for the purpose of placing said property beyond the reach of Leger's wife who was in the process of filing a suit for separation against Leger. This finding is strengthened by the fact that Leger transferred all the funds in his bank account to Miller. Defendant, Leger, used the car on many occasions; it was stationed in his garage; and, on some occasions he purchased gasoline for said car and charged it to his account.
The evidence reveals that the plaintiff would not have insured defendant, Leger, because of his occupation as a bartender, since a bartender is on the prohibited list of risks which plaintiff will not insure.
The question for determination is whether the misrepresentation by Miller, that he was the owner of the 1959 Buick, was such as to vitiate the policy of insurance issued by plaintiff on said vehicle.
LSA-R.S. 22:619, subd. A reads as follows:
"* * * No oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive."
The above provision of law was interpreted in the case of Carruth v. State Farm Mutual Automobile Ins. Co. (Ct.App., 2 Cir., 1959), 113 So.2d 56.
The Carruth case, supra, involved a tort action arising from an automobile accident. Made defendants in the case were Ronald W. Hinkley, the owner of the car, and his alleged insurer, State Farm Mutual Automobile Insurance Company. Hinkley allowed judgment to be entered against him by default. The insurance company defended the action on the ground that the policy issued to Hinkley by it was voided because of material misrepresentations made on the application of insurance. The district court held that when Hinkley applied for insurance with the defendant company, he knew that it did not insure members of the armed forces. Since he falsely represented to the insurance agent that he was not a member of the armed forces and the insurer did not know until after the accident that the insured was actually a member of the armed forces, the representations made were material and false, and were made with the intent to deceive and for the purpose of securing insurance otherwise unobtainable. The policy of insurance was cancelled. This holding was affirmed by the Court of Appeal, and writ of certiorari was denied by the Supreme Court.
In the case of New Zealand Insurance Company v. Holloway, D.C., 123 F.Supp. 642, the insurer sought to set aside a policy of insurance issued by it on the ground that the insured stated that the automobile sought to be insured was owned solely by *461 him; whereas, the true facts were that his brother was the owner of the car. The defendant was involved in an automobile accident. The insurance company filed suit to cancel the contract of insurance ab initio. The court held that under the provisions of LSA-R.S. 22:619 while it was true that no material misrepresentation or warranty made during the negotiations of an insurance contract shall be deemed material or defeat or void the contract unless the misrepresentation or warranty was made with intent to deceive; that the converse of the proposition is true, and if the misrepresentation is material, and if made with intent to deceive, such misrepresentation would void the contract of insurance.
Counsel for defendant contends that the policy of insurance should not be cancelled for the reason that his client, Mae Adams, is not a party to the contract, and the plaintiff has not sought to void the contract prior to the occurrence on which the third party's claim is based. Counsel states further in his brief that although the question now being presented has not been passed on by our courts, the instant case can be compared to the provisions of the Louisiana Motor Vehicle Safety Responsibility Act, LSA-R.S. 32:900, subd. F (1) which provides:
"F. Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein.
"(1) The liability of the insurance carrier with respect to the insurance required by this Chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; Said policy may not be canceled or annulled as to such liability by an agreement between the insurance carrier and the insured after the occurrence of the injury or damage; No statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy."
The answer to this argument is found in the case of Kennedy v. Audubon Insurance Company (Ct.App., 1 Cir., 1955), 82 So.2d 91, wherein the court said:
"Thus the provision relied upon by appellant above-quoted applies not to `automobile liability policies' which may be posted as `security' pending determination of liability to others injured in an accident, but to `motor vehicle liability policies', specifically defined in LSA-R.S. 32:900, subd. A as those permitted as `proof of financial responsibility' under Part III of the Act, which a court-determined tortfeasor who has not satisfied liability arising out of a previous accident must post for protection of the general public.
"Until such time, no automobile driver or owner is required to carry insurance, and the above-quoted provision, LSA-R.S. 32:900, subd. F(1) indicates it applied only to `insurance required by this Chapter'.
"The U. S. District Court, Western District of Louisiana, reached a similar conclusion rejecting a similar contention that LSA-R.S. 32:900 barred as against third parties defenses available against the insured by the insurer issuing an ordinary automobile liability policy, New Zealand Insurance Company v. Holloway, 123 F.Supp. 642. In this able opinion, Judge Hunter (in the absence of Louisiana jurisprudence concerning the issue), reviewed the jurisprudence of States having similar statutory provisions and found: `With but one exception, every other court in this country faced with the same issue has resolved it the same way, namely: that the Motor Vehicle Liability Act has no effect unless the policy was actually required and certified under the Act.' 123 F.Supp. 642, at page 647. (This one exception is New Hampshire, which we will discuss briefly below.) The Legislature *462 has enjoined us to interpret and construe the Motor Vehicle Safety Responsibility Law so `as to effectuate its general purpose to make uniform the laws of those states which enact it', LSA-R.S. 32:857, and we are satisfied that our interpretation herein is uniform with that of the vast preponderance of our sister States."
Defendant also contends that the case of Christo v. Eagle Star Insurance Company, 232 La. 28, 93 So.2d 682, is decisive of the issues in the instant case.
In the Christo case, supra, plaintiff, Wilson Christo, purchased a car from Audubon Motors, Inc. The car was financed by E. J. Gonzales Finance Company. The automobile was insured against collision by the Surety Insurance Agency, Inc. Eagle Star Insurance Co., Ltd. being the real insurer. The evidence showed that plaintiff permitted his cousin, Johnnie Lee Jackson, a minor, to buy the car in his name; however, the minor made the cash down payment for the said car. These facts were known by Audubon Motors, Inc., and the salesman handling the transaction assisted Jackson in having plaintiff sign the application papers. The representatives of the finance company, likewise, knew that Jackson was a minor. The purchaser's statement given to the finance company stated that the minor would use and pay for the car. The collision insurance coverage was negotiated by telephone. An employee of the finance company conveyed the necessary information to the office manager of the Surety Insurance Agency. An accident occurred with resulting damages to the car, and defendant refusing to pay the claim. Suit followed. Defendant defended the suit and stated that if the true facts and circumstances had been revealed, it would never have insured the car for the reason that where a driver is under 25 years of age, the risk is affected. After a trial in the lower court, the judge held that plaintiffs were not entitled to recover under the policy of insurance issued by defendant for the reason that it was obtained by material misrepresentations made with intent to deceive and made by one acting as agent of the plaintiff. The case was appealed to the Supreme Court. It reversed the judgment of the district court, holding that there was no intent on the part of the finance company to deceive the insurer as to the real owner; that all of the papers were available for the insurer's inspection, but that the insurance policy was issued as a result of a telephone conversation.
The instant case is distinguishable from the Christo case, supra, in that the Christo case, had the defendant made a simple examination of the papers involved in the transaction, it would have readily ascertained the true owner of the car; whereas, in the instant case, the defendant, Miller, represented himself to be the true owner of the car when in fact, the car was owned by his uncle, Leger. Had Leger applied for insurance from plaintiff, he could not have obtained same because of the prohibition by the company of insuring bartenders.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.