FRUGÉ, Judge
(dissenting).
I respectfully dissent.
It is well established under the jurisprudence of this state that if an insurance policy within the actual intention of the parties is issued for the protection of another than the named insured, the insurer may be held to have afforded such protection by the policy, or to be estopped to deny it; and the policy may be equitably reformed to show the true intention of the parties in this regard. Maggio v. State Farm Mutual Automobile Insurance Company, La.App., 123 So.2d 901; Christo v. Eagle Star Ins. Co., 232 La. 28, 93 So.2d 682.
Thus where the evidence establishes that the true intent of the parties was to insure another than the named insured, the policy may be reformed to reflect the intent of the parties. In the instant case, Veillon Motor Company contracted to sell the automobile in question to Louis DeRouen. They looked solely to him for payment of the purchase price. Certainly the true intent of the parties was that the automobile payments would be covered by insurance on the life of Louis DeRouen. The trial judge found accordingly and I find no manifest error in his determination.
The majority opinion takes the position that Ann DeRouen, by making monthly payments after the death of her father, ratified the contract and thereby acquiesced in her name being first on the mortgage contract. I fail to see the relevancy of this conclusion to the merits of the case before us. The intent of the parties, with regard to the insurance coverage is to be determined at the time the insurance was procured. The fact that Miss DeRouen, subsequent to her father’s death, made payments on the automobile can have bearing on the intention of *818 the parties at the time the contract was entered into.
For the reasons assigned herein, I respectfully dissent.