LOTTINGER, Judge.
On January 14, 1962, Mrs. Gladys Aydell Lovett, one of the petitioners herein became involved in an automobile accident on U. S. Highway No. 190 in the Parish of Livingston, Louisiana, with an automobile being driven by Mrs. Jennie Robinson Varnado Webb. As a result of the collision, Mrs. Lovett and four of her minor children sustained serious bodily injury, and a fifth child was killed instantly.
The instant suit was thereafter instituted by Mrs. Lovett, and Mr. Lovett, both individually and for and in behalf of his minor children. The suit named as defendants Mrs. Jennie Robinson Varnado Webb and State Farm Mutual Automobile Insurance Company, her liability insurer. The suit was subsequently dismissed as to Mrs. Webb, leaving State Farm Mutual Automobile Insurance Company as the sole defendant in the case.
While in not so many words admitting that Mrs. Webb’s negligent and careless operation of her automobile caused the accident, State Farm offered no evidence to contradict the clear and positive proof offered by plaintiffs that Mrs. Lovett was without fault, and that the sole and proximate cause of the accident stemmed from the reckless, careless, and dangerous operation of the Webb vehicle. The defendant relied for its defense solely on the contention that Mrs. Webb made a false statement in connection with her application for insurance with the defendant, and that this false statement was a material misrepresentation negating and voiding the insurance contract ab initio.
*98 The record discloses that on December 4, 1961, Jennie Varnado submitted a written application for a policy of automobile liability insurance, which application contained a representation and declaration by her that her license to drive an automobile had not been suspended, revoked or refused within the past five years from the date of the application. Subsequent to the receipt by the defendant of this application, a policy of insurance was in fact issued to Jennie Varnado, said policy having a stated policy period commencing December 4, 1961 and ending June 4, 1962. The accident in question occurred on January 14, 1962. After the accident was reported to the defendant, and in the course of its investigation of the accident, the defendant discovered that Jennie Varnado’s driver’s license had been revoked for a period of sixty days as part of a sentence which had been imposed upon her on November 22, 1961 by the 19th Judicial District Court in the Parish of East Baton Rouge, the sentence having been imposed as a result of a conviction of driving while intoxicated. Her license was surrendered to the State on November 22, 1961, with the sixty day period of revocation terminating on January 22, 1962.
Based upon the fact that Mrs. Webb had already been convicted of the offense of driving while intoxicated and the fact that her license was in fact under revocation at the time of her application for insurance, at the time of the issuance of the policy of insurance, and at the time of the accident, the defendant company took the position that her failure to disclose these facts to the insurer were material misrepresentations sufficient to grant to the defendant the right to declare the policy of insurance void ab initio.
After a trial on the merits, the Trial Judge rendered written reasons for judgment wherein he found that the misrepresentations made by Mrs. Webb, then Mrs. Varnado, were of sufficient magnitude so as to constitute material misrepresentations which would allow the defendant to rescind and void its policy ab initio, and thus denied any recovery whatsoever to the plaintiffs. It is from this judgment that the plaintiffs have appealed.
At the time of the trial, Mr. Fortenberry, the agent for the defendant who wrote the application which was signed by Mrs. Webb, then Mrs. Varnado, testified that he had asked Mrs. Webb each and every question contained in the application for insurance, that he had written her answers into the application form himself, and then when it was completed, had had Mrs. Webb sign it. He further testified that as an agent, he was aware of the company’s prohibition against even taking a signed application from anyone whose license had previously been revoked. He testified that in these instances, it was company policy for him to submit an inquiry form to the company which had been signed by the applicant. He testified that the difference between the submission of an application form and an inquiry form was that the acceptance by him of the application form together with all or a portion of the premium therefor in effect constituted a binder of the coverage, whereas the submission of the inquiry form at no time and under no circumstances constituted a binder. He testified that there were several problems in a person’s present or past driving history which were grounds for submission of an inquiry rather than completion and submission of an application form. Mr. Fortenberry testified positively that his company did not accept applications or issue insurance policies where the applicant’s driver’s license was under suspension or revocation, at the time that he accepted Mrs. Webb’s application. He indicated that that company policy was still in effect at the time of the trial. We might mention here that Mrs. Webb did not testify for either party at the time of the trial.
The underwriting superintendent for the defendant testified at length relative to company policy in connection with persons whose driver’s license is under suspension or revocation or persons who have been convicted of driving while intoxicated in the past, irrespective of whether or not the *99 revocation is still in force and effect. His testimony, like the agent’s, indicates positively that coverage under no circumstances would he extended where a driver’s license had been revoked on account of drunken driving. We, like the Trial Judge, have no difficulty in concluding that the lack of a driver’s license by reason of it having been revoked as a result of a conviction for driving while intoxicated is sufficient reason to cause any company, if it knew the true facts, to reject that person’s application for liability insurance.
The appellant urges three specifications of error, the first of which is that the Trial Court erred in not applying the specific wording of the policy and finding that the company issued the policy in reliance upon statements in the declarations and not on statements in the application. The second specification of error urged by the appellant is that the Trial Court erred in not making a distinction between recision of a policy and the cancellation of a policy in violation of the clear wording of the policy itself. Appellant’s third specification of error is that the Trial Court erred in failing to find that the defendant’s defense is an affirmative one and requires a preponderance of the evidence to support it.
With reference to appellant’s first specification of error, we believe that this question has been previously decided by the United State Court of Appeal, Fifth Circuit, in State Farm Mutual Automobile Insurance Company v. Lee, 343 F.2d 55. In that case that court said the following:
“In this appeal, we are called upon to decide whether an insurer is precluded from rescinding a liability policy for a false and fraudulent representation, material to the risk, knowingly made in the application which was not attached to or made a part of the policy, because of the so-called integration clause and statements contained in the policy. The district court held against the insurer. We disagree and reverse.
******
In the introductory paragraph of the policy, it is stated:
‘In consideration of the premium paid, and in reliance upon the declarations made a part hereof, the company agrees,’ etc.
The policy also contained the following integration clause:
TO. DECLARATIONS. By acceptance of this policy the insured named in the declarations agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.’
Do these provisions of the policy preclude the plaintiff from relying upon fraud and the concealment of a material fact knowingly made in the application not made a part of the policy which induced the plaintiff to make the contract? We think not.
We are not here dealing with representations which entered into and became a part of the contract, but with those representations which formed the inducement to contract and did not enter into it.
It has long been a well settled general rule that an intentional misrepresentation of a material fact by the applicant for a policy relied upon by an insurer, is a ground for recission.”
With reference to the appellant’s second specification of error, we believe that the Trial Court did in fact properly distinguish between cancellation of a policy and re-cision of a policy. The Trial Judge, in his written reasons for judgment, discussed the Carruth case, infra, and Grain Dealers Mutual Ins. Co. v. Miller, infra. The written reasons for judgment clearly indicate that the Trial Judge did in fact make a dis *100 tinction between recision and cancellation. After discussing the matter, the Trial Judge concluded that a policy may in fact be rescinded, ab initio, and declared to be void from date of inception, where it was procured by fraud or breach occurring at the time of issue.
The third specification of error urged by appellant is not discussed in his brief. Appellant complains that the trial court failed to find that the defense of recision was an affirmative one and failed to require a preponderance of evidence to support it. We do not believe that this contention of the appellant is correct.
There are two cases in the jurisprudence which we believe are on all fours with the instant case. The first is Carruth v. State Farm Mutual Automobile Insurance Company, La.App., 113 So.2d 56, a case emanating from the Second Circuit, wherein the insurance company successfully resisted a claim when the policy was rescinded because of a misrepresentation made in the application. In that case the Court held that where the insured falsely stated in his application for an automobile liability policy that he was not a member of the armed forces, and where it was shown that the insurance company would have refused to issue the policy had it known that the applicant was in the armed forces, such misrepresentation by the insured was a false representation of material fact, made with intent to deceive, for the purpose of securing insurance, which would have otherwise been denied. The Court found that the false statement made by the applicant led the company to believe he was not a member of the armed forces, and induced the company to issue a policy which would not have otherwise been issued, had the insured disclosed the true facts of his status in substance. The Court held that this was a misrepresentation of a material fact, and upheld the recision. In the instant case, the Trial Judge, in his written reasons for judgment, we believe correctly, cited the Carruth case as authority and a basis for his decision.
Another case in our jurisprudence which deals with the subject of recision is that of Grain Dealers Mutual Insurance Company v. Miller, La.App., 142 So.2d 458. In this instance, the Third Circuit affirmed a judgment of the District Court which held that the insurance company was entitled to have its policy declared void, even after the accident had occurred, where the named insured had misrepresented in his application for insurance, that he was the owner of the automobile, where it was revealed after the accident that the true owner’s occupation was such that he himself would not have been issued the policy had the true facts of ownership and occupation been disclosed to the company. There, the insurance company discovered after the accident that the true owner of the automobile was not the person who took out the application, and that the true owner was in fact a bartender, which occupation was a prohibited risk with the company. Citing the Carruth case, the Third Circuit held that the evidence showed that the insurance company would not have insured the actual owner because of his occupation and that a fictitious owner had been interposed for the purpose of obtaining insurance which would not have been issued had the true facts been known. This misrepresentation was held to be a material one such as to vitiate the policy of insurance and render it null from date of inception. The Trial Judge in the instant case also relied upon and cited as authority for his decision Grain Dealers Mutual Ins. Co. v. Miller.
We fail to see any material distinction between the instant case and the two cases above cited. Here we have the situation of a prospective insured who applies to an insurance company for issuance of a liability policy, and in that application for insurance makes the signed representation that her license to drive an automobile has not been revoked within the preceding five years, when in fact at the time that she signed the application her driver’s license was in fact revoked as a result of a conviction for driving while intoxicated. Based *101 on this material misrepresentation, the company issues the policy, and after the assured has had a loss, determines the true facts. As stated previously, in this particular case, the revocation of the insured’s license was in effect, at the time that the application was signed, at the time that the policy was issued, and at the time of the accident. We believe that there is little doubt from the record that the defendant would not have accepted even an application for insurance from Mrs. Webb had they known the true facts in connection with her driver’s license, much less issue to her a policy of insurance. We believe that the action of the defendant in rescinding the policy of insurance after discovery of the material misrepresentations which had been made by Mrs. Webb were fully warranted, both in the light of reason, and our jurisprudence as is expressed in the Carruth and Grain Dealers cases, supra.
Accordingly, the judgment of the Trial Court is affirmed at appellant’s costs.
Judgment affirmed.