253 So.2d 97 (1971)
Mrs. Evelyn Geoffrey VEST
v.
Clyde RICHARDSON and State Farm Mutual Automobile Insurance Company.
No. 4451.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1971.
Dissenting Opinion August 25, 1971.
Rehearing Denied October 7, 1971.
Writ Refused December 2, 1971.
*98 Kenneth C. Hughes, Metairie, for Evelyn Geoffrey Vest.
Adolph J. Levy, Levy, Smith & Pailet, New Orleans, for Clyde Richardson.
Benjamin C. Toledano, Porteous, Toledano, Hainkel & Johnson, New Orleans, for State Farm Mutual Auto. Ins. Co.
Before REGAN, CHASEZ and LEMMON, JJ.
CHASEZ, Judge.
Plaintiff-appellee, Mrs. Evelyn Geoffrey Vest was injured while riding as a guest passenger in an automobile driven by defendant-appellee, Clyde Richardson. State Farm Mutual Insurance Company (State Farm) was sued as the ostensible liability insurance carrier of Clyde Richardson. State Farm answered denying recovery on the basis that Richardson's policy had been rescinded for material misrepresentations in the application. Richardson answered *99 the original petition and filed a third party demand against State Farm asking for a judgment in his favor against State Farm for any amount for which he might be cast in judgment and also for attorney's fees based on the allegation that as his insurer State Farm had failed to provide him with an adequate defense.
It was stipulated by all parties that if there was judgment in favor of plaintiff it would be in the amount of $10,000.00, the policy limits.
After trial on the merits judgment was rendered in favor of plaintiff in the stipulated amount against Richardson and State Farm in solido. There was further judgment in favor of Richardson against State Farm on the third party demand, the trial court having decided that the policy had not been rescinded. From this judgment State Farm has appealed. Richardson answered the appeal asking for attorneys' fees based on no defense having been provided by State Farm, which attorneys' fees had been denied by the trial court.
Basically the trial court decided two issues. First, that on the showing made, State Farm proved that there were material misrepresentations made by Richardson in his application for insurance and that State Farm thereby had a right to rescind the policy. However, the second issue decided by the trial court was that State Farm failed to prove that they had effectively rescinded the policy.
There can be no doubt that there were material misrepresentations made by Richardson in obtaining the policy. State Farm attempted to introduce into evidence the application for insurance through which Richardson sought to be covered by State Farm. Appearing on the application was the statement that no insurer had cancelled, or refused to issue or renew automobile insurance or any other insurance and that he had not been fined or arrested for any traffic violations during the five years prior to the time of application. The trial court properly excluded the introduction of the application based on LSA-R.S. 22:618 which provides in pertinent part:
"No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered."
Since the application was not made a part of the policy contract it was clearly inadmissible as evidence.
However, in the policy itself the following provisions appear:
"State Farm Mutual Automobile Insurance Company agrees with the insured named in the declaration made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declaration and subject to all of the terms of this policy;
* * * * * *
"During the past three years no insurer has cancelled insurance issued to the named insured similar to that afforded hereunder unless otherwise stated in the exceptions."
There are no exceptions noted in the policy and the insured is, thus, bound by his declaration contained in the policy.
State Farm introduced the deposition of Mr. William Selvey taken in Houston, Texas, in lieu of his testimony. Mr. Selvey is an underwriting Division Manager of Allstate Insurance Company, and he testified from company records that Allstate had issued a policy to Mr. Richardson but had cancelled it in August of 1964 for non-payment of premiums. A subsequent policy was issued to Richardson by Allstate but it to was cancelled as of February 2, 1965 for reasons set forth in *100 a letter of January 11, 1965 written to Richardson by Allstate which letter was made a part of the deposition.
Mr. Richardson, himself, testified that he received a letter from Allstate cancelling a policy of insurance. His explanation was that the policy was cancelled because the company told him that the policy written in one state would not be valid in another. (Mr. Richardson had moved from Texas to Florida at approximately the same time the policy was cancelled.)
Regardless of the reason for the cancellation, the fact is irrefutable that a policy issued by Allstate was cancelled by Allstate. Hence the declaration by Mr. Richardson that no insurance had been cancelled during the past three years prior to the issuance of the policy by State Farm was a misrepresentation. Had this disclosure been made to State Farm it would have had an opportunity to investigate further to determine the purpose for the cancellation of the policy. By the misrepresentation State Farm was prevented from making an investigation and the testimony of State Farm officials is clear to the effect that had they known of the cancellation by Allstate they would have made the examination which they later made which caused them to rescind the policy. We therefore, conclude, as did the trial court, that the misrepresentation was material and State Farm did have the right to rescind the policy.
Whether in fact State Farm did rescind the policy now becomes the question. The trial court held that State Farm had failed to prove by a preponderance of evidence that it had rescinded Richardson's policy.
The burden of proving that the policy had been rescinded was, of course, with State Farm. When the insurer seeks cancellation of a policy it has the burden of establishing facts which relieve or limit its liability. Skipper v. Federal Insurance Company, 238 La. 779, 116 So.2d 520 (1959); Breitenbach v. Green, La.App., 186 So.2d 712 (4th Cir. 1966). Logically there is no difference, as far as burden of proof is concerned, between cancellation and recision of a policy.
The record indicates that Mr. Richardson was issued a policy to be effective from May 13, 1966 until November 13, 1966. The accident occurred on June 17, 1966, within the coverage period.
Mr. W. E. Ligon, an underwriting superintendent for State Farm, testified that a letter was sent to Mr. Richardson on November 4, 1966 advising him that his policy was being rescinded for material misrepresentations. The letter, an office copy of which was introduced, was not sent by registered or certified mail, or if it was no return receipt was presented by State Farm. There is no evidence to indicate that Richardson ever received the letterin fact he denies having received it. The only "proof" offered that he did receive the letter was the statement by Mr. Ligon that it was not returned by the Post Office. The letter was sent to 2237 Constance Street, New Orleans. Mr. Richardson testified that he had moved to Gretna some time prior to this. There is no evidence in the form of a cancelled check or otherwise before the court to substantiate the fact that the total premium paid by Richardson for the period of May 13 November 13, 1966 was refunded to him or received by him. Mr. Richardson denies receiving the refund of his premium for the initial period of coverage. The amount of the alleged refund was not disclosed in the letter of November 4, 1966, a copy of which was introduced into evidence.
The provisions of LSA-R.S. 22:636 are applicable to cancellation of policies and we think have no application to recision of policies. When cancelling, an insurer need only show that it mailed a notice of cancellation to the insured at his last known address and any unearned premium may be mailed to the insured as *101 soon as practicable following the cancellation.
When a policy is cancelled it is terminated as of the cancellation date and is effective up to that date. However, when a policy is rescinded it is considered as void ab initio, and is considered never to have existed. The difference in the result in a factual situation is obvious. For instance, in the case at bar had State Farm sought to cancel the policy there would have been no question but that there was coverage up until notice of cancellation was mailed. However, by rescinding the policy it is considered never to have been in effect and thus there would have been no coverage at all.
For this reason we believe the burden of proving that the insured received notice of the recision should be greater than that required for cancellation.
Therefore, in the absence of convincing proof that Richardson received notice of the recision and the refund of all premiums paid, we concur with the trial court in holding that State Farm has failed to prove by a preponderance of evidence that it has actually rescinded the policy as of its inception, May 13, 1966.
Mr. Richardson's attorney answered the appeal seeking attorney's fees from State Farm because State Farm had failed to provide a defense for its insured, Clyde Richardson. This claim was denied by the trial court.
Plaintiff's petition was filed on November 21, 1966 and it was alleged that State Farm was the liability insurer for defendant.
On February 16, 1967 State Farm answered the petition denying all the allegations contained in it. On May 26, 1967 defendant Clyde Richardson answered plaintiff's petition and filed his third-party demand against State Farm seeking attorney's fees. On July 6, 1967 State Farm answered the third party petition denying coverage of defendant.
State Farm answered the suit of plaintiff and participated at trial of the matter. The insurer has resisted the claim by denying coverage. This it may do. In Breitenbach v. Green, La.App., 186 So.2d 712 (4th Cir. 1966) it was stated that:
"The basis on which the insurer is made a party defendant to the principal action under our direct action statute has two elements. The first is that the insured caused the injury by a tortious act; the second is that the insurer has issued a policy to the insured which covers his liability for such acts. To recover from the insurance company, the plaintiff must establish both elements, and clearly the company has the right to resist the action against itself by showing the absence of either element or both."
See also Fontenot v. State Farm Mutual Insurance Company, La.App., 119 So.2d 588 (1st Cir. 1960); Standard Sur. & Cas. Co. of New York v. Perrin, La.App., 19 So.2d 783 (Orleans, 1944).
We conclude that no attorney's fees are due to defendant's (Clyde Richardson's attorney.
For the assigned reasons the judgment of the court a quo is affirmed at appellant's cost.
Affirmed.
LEMMON, Judge (dissenting).
The majority holds that State Farm had the right to rescind the insurance policy because of misrepresentation but at trial failed to prove that it had effectively done so by sufficient evidence that the insured received notice of the rescission and received a refund of all premiums paid. It is *102 my opinion that the issues of notice and premium refund are not germane to State Farm's defense to the third party demand. I believe that when the insurer proves that the misrepresentation is material and made with intent to deceive, the contract is void,[1] and proof of notice of rescission and refund of premium are irrelevant where the insured is not prejudiced by non-receipt of the notice or refund.
It is important to distinguish between cancellation and rescission of a liability insurance policy not only as to the effect, but also as to the very nature of the method of termination and the purpose of notice to the insured.
Where an insurer seeks cancellation of a valid contract, time is of the essence. Since existing coverage ceases as of the particular future date of cancellation, there are statutory provisions which must be met to achieve termination of coverage in this manner. LSA-R.S. 22:636; Breckenridge v. Dalon, 229 So.2d 221 (La.App. 4 Cir. 1969). The purpose of the required notice is to inform the insured that his existing coverage by the cancelling company will terminate on the effective date, in order that he can make provision for other coverage. If statutory notice is properly given, the issue of coverage under the policy will be determined by comparing the date of the accident with the effective cancellation date of the policy.
On the other hand, where an insurer seeks rescission and proves grounds therefor, the policy was never validly in existence,[2] and time is not of the essence (unless there is an issue of estoppel, as when the insurer discovers grounds for rescission prior to an accident, and fails to act until after the accident). The purpose of notice is therefore to inform the insured that his policy is not and never was in effect in order that he can secure other coverage for future protection, but notice can have no effect on past protection. When an accident occurs during the period in which the policy would have been in effect but for the rescission (the very issue in this case), the issue of coverage turns on the validity of the rescission and not on the notice of the rescission. This validity can be determined in a suit against the insurer under the policy or on a separate suit for rescission filed by the insurer. Indeed, it is conceivable that an insured could discover valid grounds for rescission at almost any stage in the proceedings and not be deprived of its right to assert this defense.
The same reasoning applies even more strongly to the proof of refund of the premium. Certainly, the premium should be refunded upon rescission of the policy, but this should not be a pre-requisite to achieve effective rescission, even though it is required by statute for cancellation.
I believe the policy was proved to be void, and State Farm therefore had no liability under the policy in this case.

ON APPLICATION FOR REHEARING
PER CURIAM.
Appellant has filed an application for rehearing in which the questions presented *103 on appeal are generally reargued and, in addition, relies on the dissenting opinion which would hold that State Farm Mutual Automobile Insurance Company had no liability under the policy in this case. This per curiam is written for the purpose of pointing out that State Farm has failed to show recision of the policy.
The burden of proving recision of the insurance policy that was issued by State Farm Mutual Automobile Insurance Company was with State Farm. Proof was never offered that Richardson received notice of the recision. Additionally, State Farm failed to show the refund of all premiums paid.
When fraud is discovered the party on whom the fraud was perpetrated has the right to elect to rescind the agreement. Civil Code Art. 1846 and Art. 1847. In order to rescind, the party discovering fraud must promptly elect and so notify the opposite party. He must also offer the return of whatever of value he has received and adhere to this position thereafter and cannot wait for full development of his evidence. Holman v. Gulf Refining Company of La., 76 F.2d 94 (C.C.A. 5th Cir. 1935).
In view of the foregoing we concur with the opinion of the lower court and reaffirm our decision, that because State Farm failed to show Richardson received notice or that they refunded prior premiums paid, they have failed to show recision of the policy.
State Farm's contention that they rescinded the policy is further negated by facts determined in the lower court. Subsequent to State Farm's attempted recision of the policy they sent a premium notice to Richardson which he, in turn, paid by money order. State Farm cashed the money order, accepting the payment, and then returned the money paid by their own check. The return of this premium but not previous payments is more in the nature of cancellation rather than recision. Thus State Farm can not now claim that they rescinded the policy from its inception.
The Dissent cites three cases as the basis for its reasoning. Carruth v. State Farm Mutual Automobile Ins. Co., 113 So. 2d 56 (La.App.2d Cir. 1959); Grain Dealers Mutual Ins. Co. v. Miller, 142 So.2d 458 (La.App.3rd Cir. 1962); and Lovett v. Webb, 183 So.2d 97 (La.App. 1 Cir. 1965), writs refused, 248 La. 1030, 183 So.2d 651 (1966) (Application not considered).
We do not disagree with the policy these decisions present. However, these cases are distinguishable in that the insurance companies involved therein never claimed they rescinded the policies in question prior to the suit. Each case must stand on its own facts in relation to the law. We are of the opinion that these cases are not germane to the issue we have herein decided.
Therefore, we conclude that State Farm has failed to prove it actually rescinded the policy from its inception.
Appellant's application for rehearing is refused.
Application refused.
NOTES
[1] Where an insurer issues a policy under statutes providing for compulsory insurance or financial responsibility, or under assigned risk plans, other jurisdictions have held that the insurance is for the benefit of the public, and the insurer cannot rescind the policy ab initio because of misrepresentations by the insured. See 34 A.L.R.2d 1293 and 83 A.L.R.2d 1104.
[2] Carruth v. State Farm Mutual Automobile Ins. Co., 113 So.2d 56 (La.App. 2 Cir. 1959); Grain Dealers Mutual Ins. Co. v. Miller, 142 So.2d 458 (La.App. 3 Cir. 1962); Lovett v. Webb, 183 So.2d 97 (La.App. 1 Cir. 1965), writs refused 248 La. 1030, 183 So.2d 651 (1966) (application not considered).