I í KNOLL, Judge.
This case involves the trial court’s dismissal of an insurer by summary judgment because the insured made false material statements on his application for insurance about his ownership of the vehicle and its use in a business venture.
Jack W. Pryor, individually, and as administrator and natural tutor of his minor children, Elisha, Jaclynn, Edward, Reagon, and Martha, (hereafter collectively referred to as Pryor) filed suit against various entities, individual and corporate, for damages he sustained as a result of an automobile accident. One of the entities Pryor sued was Windsor Insurance Company (Windsor), the personal uninsured and underinsured motorist carrier of Tommy Wainwright (Wainwright), the owner of W.S. Services, Inc., Pryor’s employer. Windsor moved for summary judgment on the question of insurance coverage, contending that the policy should be voided because RWainwright intentionally misrepresented material facts on his application of insurance. After hearing oral argument and considering the attachments to the summary judgment motion, the trial court dismissed Windsor from the litigation.
Pryor contends on appeal that the trial court erred in declaring the Windsor policy void ab initio because Windsor made no showing that Wainwright intended to deceive Windsor by making false statements on his application for insurance. We affirm.
FACTS
On May 31, 1988, Pryor, an employee of W.S. Services, Inc., was injured while driving his employer’s 1983 Mazda pickup truck to the work site. The accident occurred when Kenneth Vice rear-ended the Mazda.
*114 At the time of the accident, the titled owner of the Mazda pickup truck was W.S. Services. Windsor Insurance had issued a personal policy of insurance, including uninsured motorist and underinsured motorist coverage, to Wainwright for two vehicles, a 1988 Ford Ranger and a 1982 Ford F50 pickup truck. In the application for insurance with Windsor, Wainwright answered the following questions in the negative:
• Is any listed vehicle used in a school or work ear pool?
• Is any listed vehicle used in a business or newspaper delivery?
• Is vehicle titled in any name other than the named insured?
At the end of the insurance application, Wainwright signed a declaration that stated in pertinent part:
I hereby apply to the Company for a policy of insurance as set forth in this application on the basis of the statements contained herein. I agree that such policy shall be null and void if such information is false, or misleading or would materially affect acceptance of the risk by Company.
bln his deposition, Wainwright testified that the Mazda pickup was a replacement vehicle for a 1982 F50 pickup truck previously owned by W.S. Services. Wainwright stated that he chose to carry the vehicle on the books of W.S. Services so that he would be able to depreciate the vehicle as a business expense.
Pryor sued Windsor, alleging that it provided uninsured motorist coverage. Windsor filed responsive pleadings, denying coverage, and ultimately moved for dismissal of Pryor’s claim on a motion for summary judgment. Windsor contended that Wainwright misrepresented the facts in his application for insurance by incorrectly stating on his insurance application that the vehicles were titled in his name and that none of the vehicles covered under the policy were used in a business. After the trial court granted Windsor’s motion for summary judgment, Pryor perfected this appeal.
SUMMARY JUDGMENT
Pryor contends that the trial court erred in granted Windsor’s motion for summary judgment. He argues that Windsor, the moving party, failed to show that Wainwright intended to deceive Windsor by making false statements on his insurance application.
The law on summary judgment is well settled and need not be restated. See Reynolds v. Select Prop., Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180; La.Code Civ.P. arts. 966, 967. Notwithstanding, as a general rule, a motion for summary judgment “... is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith.” Penalber v. Blount, 550 So.2d 577, 583 (La.1989). However, even though the granting of a summary judgment based on an intent, malice or good faith issue may be rare, it can be done when there is no issue of material fact concerning the pertinent intent, malice, or good faith. _Jj Simoneaux v. E.I. Du Pont De Nemours and Co., 483 So.2d 908 (La.1986). Accordingly, when the evidence submitted on the motion leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, a motion for summary judgment should be granted. Cates v. Beauregard Elec. Cooperative, Inc., 328 So.2d 367 (La.1976), cert. denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976).
La.R.S. 22:619(A) provides:
Except as provided in Subsection B of this Section and R.S. 22:692, and R.S. 22:692.1, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
Specifically addressing this statute, the Louisiana Supreme Court stated in Cousin v. Page, 372 So.2d 1231, 1233 (La.1979):
Under R.S. 22:619A only a finding of intent to deceive will defeat coverage. The courts of appeal in interpreting a similar provision in R.S. 22:619B have reasoned that strict proof of fraud is not required to *115 show the applicant’s intent to deceive, because of the inherent difficulties in proving intent. Intent to deceive must be determined from surrounding circumstances indicating the insured’s knowledge of the falsity of the representations made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality.
The insurer who issued the liability policy and who now asserts this special defense to avoid coverage has the burden of proving that there was misrepresentation, and that it was made with the intent to deceive.
(Citations omitted).
Pryor does not dispute that the Mazda he was driving at the time of the accident was titled under the name of W.S. Services, not Wainwright, and that the vehicle was being used in the course of business at the time of the accident. Instead, he argues Isthat Windsor failed to present evidence in the trial court that Wainwright knew of the materiality of these misstatements.
The jurisprudence states that the test of materiality is whether knowledge of the facts would have influenced the insurer in determining whether to assume the risk or in fixing premiums. Trahan v. Security Life & Trust Co., 199 So.2d 617 (La.App. 3 Cir. 1967).
In support of its motion for summary judgment, Windsor submitted a copy of its underwriting guidelines that stipulate as follows:
UNDERWRITING GUIDELINES
UNACCEPTABLE APPLICATIONS are those involving any one of the following items in any category.
[[Image here]]
B. ANY VEHICLE:
[[Image here]]
6. Owned by corporations, partnerships, or proprietorships.
[[Image here]]
8. Used to transport employees and/or paying passengers.
[[Image here]]
11. Titled in name other than named insured.
In one case that originated from the Third Circuit, Grain Dealers Mut. Ins. Co. v. Miller, 142 So.2d 458 (La.App. 3 Cir.1962), we held that an applicant’s attempt to insure a non-owned vehicle was a material fact to the insurer. In Miller the insured listed himself as the owner of the vehicle; in actuality, the auto was owned by his uncle, a bartender who was not insurable because of Grain Dealers’ prohibition of insuring members of this profession. After finding that this misrepresentation was material, we held that the insurance policy was void.
Applying the law and jurisprudence to the facts presented herein, we find that the trial court properly granted Windsor’s motion for summary judgment. It can be assumed from the circumstances that Wainwright intended to deceive Windsor. Wainwright knew that W.S. Services was the titled owner of the 1982 Ford F50 pickup, the original ear listed on the Windsor policy, as well as the Mazda, the replacement vehicle. Likewise, he admitted in his deposition that he loaned the vehicle to Pryor and that Pryor was using the Mazda as transportation to work at W.S. Services. When those facts are read in light of Windsor’s clearly stated policy not to insure under circumstances such as these,[1] it is clear that Wainwright’s misrepresentations were material as contemplated in La.R.S. 22:619(A) and the interpretative jurisprudence. Accordingly, we find that the trial court properly determined that the Windsor policy of insurance was void ab ini-tio.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Jack W. Pryor.
AFFIRMED.

. In brief, Windsor asserts that it was not permitted to write business use insurance policies. We do not find that there is evidence of this fact in the record.